# Blackman v. Moore-Handley Hardware Co.

### *Contest of Homestead Exemption.*

1. *Partnership; when judgment against individual members.*—When the body of a judgment entry recites that it is against "the defendants," without setting out their names, the persons who are defend-

ants and the capacities in which they are sued may be ascertained, not alone by reference to the caption of the judgment entry, but also to the pleadings and process in the case and the returns thereon; and where a summons is against certain named persons "doing business under" a certain firm name, and the complaint, in its caption, is against the firm, composed of the individuals named as partners, and in its body makes claim of the "defendants," and the summons and complaint were returned as served upon the individual members of the partnership, a judgment having the same caption as the complaint and reciting that it was against the "defendants," without naming them, is against the individual members of the firm, and authorizes the issuance of an execution against the individual members of the firm, and justifies the levy of such an execution upon the individual property of each of the partners.

2. *Homestead exemption; abandonment.*—As a general rule, subject to statutory exceptions, occupancy is essential to support a right of homestead exemption; and where one leaves his home because it is too small to accommodate his own and his second wife's families, and allows his daughter to occupy his house until her own is built, which she does within a year, and he then rents the premises for two years, there is an abandonment of the homestead, which works a forfeiture of the right to claim such premises as exempt, and makes them subject to the lien of an execution levied thereon during the second year of the lease; and the fact that after the expiration of the term of lease the owner moved back to his said house and continued to live therein does not reinvest him with the right to claim said premises as a homestead exempt from sale under the levy of said execution.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. JOHN R. TYSON.

This was a proceeding under a contest of a claim of homestead exemption, which was instituted by the appellant, G. W. Blackman, upon the levy of an execution, issued upon a judgment recovered by the appellee, the Moore-Handley Hardware Company against G. W. Blackman and T. G. Blackman, Jr., composing the firm of Blackman & Son.

On the hearing of the contest, the claimant moved the court to quash the execution and dismiss the levy, because there was no judgment against the claimant individually; and offered the judgment entry in support of said motion. Thereupon the plaintiffs introduced the summons and complaint in the case of Moore-Handley Hardware Co. v. Blackman & Son, the judgment in said case, the execution issued thereon, and the return of the sheriff showing the levy of the said execution. The

[Blackman v. Moore-Handley Hardware Co.]

caption of the summons, complaint, judgment and execution are stated in the opinion. The claimant objected to the introduction in evidence of the summons and complaint, because it was illegal and irrelevant. The court overruled this objection, and the claimant duly excepted. The claimant objected to the introduction in evidence of the judgment, because it was a judgment against the firm of Blackman & Son, and not against the claimant, individually. The court overruled this objection, and the claimant duly excepted. The claimant also objected to the introduction in evidence of the execution, because there was no judgment that authorized the issuance of such an execution, and because the execution did not correspond with the judgment. The court overruled this objection, and the claimant duly excepted. The evidence as to the abandonment of his homestead by the claimant is sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in its behalf, and to the giving of this charge the claimant duly excepted. The claimant made a motion for a new trial, on the ground of an alleged mistake on the part of his counsel in entering into an agreement for the trial of the cause. It is not deemed necessary to set out the facts in reference to this motion. The motion was overruled, and the claimant duly excepted.

There was judgment for the plaintiff, condemning the property claimed as his homestead to the satisfaction of plaintiff's judgment. The claimant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved, and the rendition of judgment in favor of the plaintiff.

BLACKMAN & MARTIN, for appellant, cited *Baldridge v. Eason*, 99 Ala. 516.

M. E. MILLIGAN, *contra*.

HARALSON, J.—1. The summons is against "G. W. Blackman and T. G. Blackman, Jr., a former partnership doing business under the firm name of Blackman & Son." The complaint, in its caption, is against "Blackman & Son, a firm composed of G. W. Blackman

[Blackman v. Moore-Handley Hardware Co.]

and T. G. Blackman, Jr.," and in its body, makes claim of the *defendants*. The summons and complaint were returned by the sheriff as executed on G. W. Blackman and T. G. Blackman, Jr. The judgment entry, with the same caption as the complaint, recites a recovery against the *defendants*; and the execution issued on said judgment is against G. W. Blackman and T. G. Blackman, Jr. The pleadings and the process with the return thereon, may be looked to as indicating who were before the court as plaintiffs and defendants; and when the term "*defendants*", as used in the present judgment entry is referred to the previous proceedings in the cause, it is plain enough that the appellant, G. W. Blackman, with the other co-defendant, T. G. Blackman, Jr., was, as an individual, included in said proceedings and judgment, as a party bound thereby.—*Bolling & Son v. Speller*, 96 Ala. 270, and authorities there cited. There is no conflict between the case cited, and the later one of *Baldridge v. Eason*, 99 Ala. 516. In that case the summons was not, as was claimed, executed at all, upon either of the defendants; there was nothing in the body of the complaint to show that the members of the firm were sued, and the judgment entry itself, as was held, was in terms against the partnership, only.

2. The evidence shows without dispute, that claimant had abandoned his homestead. He himself deposed that before the levy, which was on the 16th of October, 1891, he had married the second time, and his own home being too small to accommodate his wife's and his own family, he moved to hers, allowed his widowed daughter to occupy his house until she built one for herself, which was more than a year before the levy, when he rented the premises to one Yelverton for two successive years, that the first year's lease to him expired before the levy, and said Yelverton was in possession and control at the date of the levy; and at the expiration of his second year's lease, claimant and his family moved into the house and have continued to live there since. The claimant was allowed to testify, without objection, that he had expected to move back into his own house, after his daughter completed hers, but he shows he did not carry his expectations into effect, but actually rented the premises for two years thereafter. He must be held to have abandoned his homestead —*Fuller v.*

*Whitlock,* 99 Ala. 411; *Pollock v. Caldwell,* 94 Ala. 149; *Scaife v. Argall,* 74 Ala. 474.

3. There was nothing in the motion of claimant to set aside the judgment on account of an alleged mistake. The bill of exceptions shows there was no mistake and the judgment was entered in exact accordance with the agreement of counsel for claimant.

There was no error in the rulings of the court.

Affirmed.