# Gist *v.* Lucas.

*Contest of Homestead Exemption.*

1. *Homestead; what constitutes abandonment.*—The removal from the homestead to another State, for four years, and renting out the homestead during such absence, with only occasional visits of inspection to the place, constitutes an abandonment, which works a forfeiture of the right to claim such premises exempt from levy and sale as a homestead.

2. *Same; construction of statute for protection of widow and minor children.*—The act of the General Assembly "For the protection of widows and minor children," (Acts of 1888-89, p. 113), being intended to prevent a forfeiture by removal from the homestead by the widow or minor child, in favor of the heir or creditor of the deceased husband or father, applies only when the right of occupancy is for the life of the widow or the minority of the children; but the provisions of such act have no application when the widow and children have an absolute title to said homestead.

APPEAL from the Circuit Court of Shelby.

Tried before the HON. GEORGE E. BREWER.

The proceedings in this case arose upon a contest of a claim of exemptions. The appellee, R. L. Lucas, recovered a judgment against the appellant, Mrs. Minnie H. Gist, who was then Mrs. Minnie Hardy, in the circuit court of Shelby county, and upon this judgment an execution was issued and levied upon the property in question. The defendant in the judgment interposed a claim of homestead exemptions to the property so levied upon, and thereupon the plaintiff filed an affidavit contesting the claim of exemptions. The facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court at the request of the plaintiff in execution, gave the general affirmative charge in his favor. To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the general affirmative charge as requested by her.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

E. P. MORRISSETT, for appellant, cited Acts of 1888-89, p. 113; *McGuire v. Van Pelt,* 55 Ala. 353; *Kennedy v. First National Bank,* 107 Ala. 197.

W. S. CARY, *contra,* cited *Blackman v. Moore,* 106 Ala. 458.

TYSON, J.—John Hardy died in 1887 in possession of a homestead leaving surviving him his widow, appellant, and two minor children who continued to reside thereon until and after appellant's intermarriage with one Gist, her present husband. In 1894, appellant, with her husband and children, went to Washington City where her husband had employment in one of the government departments, and there remained until the summer of 1897, when they returned to Alabama, but not to the lands. During appellant's stay in Washington she and her husband made regular visits to Alabama each year, and during those visits would go upon the lands and inspect them. The land was rented out by her from year to year during her stay in Washington and up to the time of the trial of this cause.

In 1888 the land in controversy was set apart by the probate court of Shelby county upon the petition of appellant, as a homestead for herself and minor children. After the homestead was set aside to appellant and prior to 1894, the estate of John Hardy was declared insolvent. The foregoing is a statement of substantially all the evidence in the case and about which there is no dispute.

The absolute title to the homestead was vested in

[Passmore, Admr. v. Ellington, *et al.*]

appellant and her minor children as tenants in common. Code of 1896, § 2069, Code of 1886, § 2543. The execution levied ran against appellant, and she is entitled to have exempted to her her interest in the lands as a homestead unless she had abandoned it.—Code of 1896, §2033; Code of 1886, § 2507. Did she abandon it as a homestead? Without repeating the evidence on this point, we are compelled to answer the question in the affirmative, on the authority of *Blackman v. Moore-Handley Co.,* 106 Ala. 458, and authorities therein cited. The contention of appellant that she cannot be held to have abandoned her right because of the provisions of the act of February 28, 1889, entitled an act "For the protection of widows and minor children," (Acts, 1888-89, p. 113), is without merit. This act was manifestly intended to prevent a forfeiture by a removal from the homestead by the widow or minor children in favor of the heir or creditor of the deceased husband or father when the right of occupancy was for the life of the widow or maturity of the child or children. In the case under consideration the appellant and her children had an absolute title and, therefore, there could never be a forfeiture to the heirs of Hardy or his creditors. The demurrer to appellee's affidavit of contest was properly overruled. There was no error in giving the affirmative charge for appellee.

The judgment of the circuit court must be affirmed.