[Bland v. Putman.]

# Bland *v.* Putman.

## *Contest of Homestead Exemption.*

[Decided June 18, 1902.]

1. *Certificate of judgment; sufficiency thereof.*—Under the provisions of the act approved February 22, 1899, (Acts of 1898-99, p. 34), it is not necessary, for the registry thereof to operate as a lien, that the certificate of the judgment registered in the office of the judge of probate show who was the owner of said judgment.

2. *Homestead exemption; how shown; admissibility of evidence.* In the contest of a homestead exemption, where the would-be exemptioner claims to have reserved a part of the dwelling at the time or renting it for use as his residence, and the testimony for the contestant was in conflict with this evidence, the question as to whether or not there was a reservation for the purpose of continued occupation as a homestead must be gathered from tangible facts and circumstances; and it is not competent for the claimant to testify that he reserved a part of the house to live in.

3. *Same; same.*—Where the owner of land who occupied it as a homestead, leases said land and moves his family therefrom, and no claim of homestead exemption as provided by the statute is filed in the office of the probate judge before leasing said property, (Code ,§ 2065), unless in the contract of lease he reserves a part of said dwelling for use as his residence, he will be held to have abandoned his homestead in such premises.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

The appellant, J. R. Bland, recovered a judgment in the circuit court of Madison county against the appellee, G. L. Putman, on the morning of May 26, 1899. Immediately upon the recovery of this judgment the plaintiff secured from the clerk of the circuit court a certificate of said judgment, which he filed at once in the

office of the probate judge. This certificate, exclusive of the statement as to the State and county and the signature of the clerk, was in words and figures as follows: "I, W. T. Lawler, clerk of the circuit court for said county and State, hereby certify that on the 26th day of May, 1899, J. R. Bland, plaintiff, recovered of G. L. Putman, defendant, in the circuit court of said county, judgment for the sum of $500 and for the further sum of $35, costs of suit, and that Grayson and Foster are plaintiff's attorneys of record." An execution was issued upon this judgment and was levied upon certain lands as the property of the defendant Putman. Thereupon Putman interposed his claim of homestead exemption as to the land so levied upon. The plaintiff in execution contested said claim by regular proceedings. On the hearing of the contest so instituted the certificate by the clerk of the court of the plaintiff's recovery of the judgment against Putman was introduced in evidence. The plaintiff also introduced evidence showing that Putman rented the lands now claimed as exempt to one Thos. Riddle in 1897; that said Riddle went into possession of said lands and occupied them for that year, and the defendant Putman lived with his family in Tennessee; that the defendant Putman rented the same lands to Riddle for the years 1898 and 1899, who occupied the house situated upon the lands as his residence. It was shown by the evidence that the house which was so rented to Riddle was, prior to the said renting, occupied by Putman as his homestead. Riddle, as a witness testified that upon the date the plaintiff recovered the judgment against Putman, after the rendition of said judgment, said Putman came to the house occupied by Riddle and asked him if he, Putman, would give him permission to occupy the side room of said house for a while; that upon his consenting to do so, Putman came the following day and moved a few things in said room and had occupied it "off and on ever since;" boarding with Putman during the time. Riddle further testified that at the time he rented the place from Putman the latter asked him if he would let him keep some furniture

in the side room until he could move it out; that the furniture was left in said room and in about two weeks thereafter said Putman moved and that said room had not been occupied up to the day after the rendition of the judgment in favor of the plaintiff.

The evidence for the defendant tended to show that at the time he rented the place to Putman he expressly reserved one of the rooms for his occupancy, and that, although his family had moved to Tennessee, he claimed his residence and his homestead upon said place.

The defendant sought to prove that his wife was afflicted, being both deaf and dumb, but upon objection interposed by the plaintiff, the court declined to allow such proof to be made, and to each of such rulings the defendant separately excepted. The other facts of the case necesary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The court in its oral charge, among other things, instructed the jury as follows: (1.) "The fact that the defendant did not file his claim of exemptions in the probate judge's office prior to the recording of the judgment on which the execution in evidence was issued cuts no figure in the case." (2.) "If at the time the defendant leased or rented said lands he intended to return and occupy them as a homestead, it makes no difference whether he filed his declaration of claim in the probate judge's office or not, and if the jury believe that the defendant did not intend to abandon his home and that he obtained permission from Thomas Riddle to occupy said premises on May 25th, and that he moved into the house on the 27th, they should find for the defendant."

The plaintiff separately excepted to each of these portions of the court's oral charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: "(1.) "If the jury believe from the evidence that the defendant in the early part of the year 1897 or 1898 left his home and went into the peddling business, and that since that time the place has been rented out to Riddle, who has

[Bland v. Putman.]

occupied the same continuously, and if they further find that before leaving he did not file a declaration of exemptions in the office of the probate judge of Madison county, then they must find that this was an abandonment of his homestead." (2.) "If the jury believe from the evidence that the defendant rented his place to Riddle, without having filed a declaration of exemptions in the office of the probate judge of Madison county, you must find that he abandoned his homestead." (3.) "If the jury believe from the evidence that the defendant left his home temporarily, with the intention of returning, you must find that he had abandoned his homestead, unless you also find that before leaving he filed in the office of the probate judge of Madison county his declaration of exemptions." (4.) "If the jury think Putman was mistaken when he said he was here on the 25th day of May, instead of the 26th, and they further find he had abandoned his home up to this time, and that he did not make arrangements with Mr. Riddle, until the night of May 26th, 1899, then they will find for the plaintiff or contestant."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

DAVID A. GRAYSON and E. H. FOSTER, JR., for appellant, cited 1 Greenleaf on Evidence, § 205; 11 Am. & Eng. Ency. Law, 488; *Boyle v. Shulman*, 59 Ala. 568; *Fuller v. Whitlock*, 99 Ala. 415; *Gist v. Lucas*, 122 Ala. 557; *Land v. Boykin*, 122 Ala. 629; *Pollak v. Caldwell*, 94 Ala. 152; *Scaiff v. Argall*, 74 Ala. 473; *Turner v. Turner*, 107 Ala. 465; *Sides v. Scharff*, 93 Ala. 109; *Porter v. Harrison*, 124 Ala. 296; *Blackman v. Moore*, 106 Ala. 457.

OSCAR R. HUNDLEY, *contra*, cited *Caldwell v. Pollak*, 91 Ala. 353.

McCLELLAN, C. J.—In the opinion originally handed down in this case, we declared that the registry of the judgment in the case of Bland against Putman was inoperative as a registry importing a lien under the statute for that neither the certificate of the clerk of the circuit court nor the registry in the office of the judge of probate showed who was the owner of the judgment, citing *Duncan v. Ashcraft* and other cases so holding with reference to the original statute and its codification. On application for rehearing our attention is drawn to the act of February 22, 1899—Acts 1898-9, pp. 34-5—amending the Code and dispensing with the requirement that the registry of a judgment shall show who is the owner of it. Under this statute the registry of Bland's judgment shown in this transcript was valid, and the judgment was a lien on the land now claimed by Putman as a homestead in effect on and after May 26, 1899.

The evidence showed that Putman rented the land to Riddle for the years 1897, 1898 and 1899 severally. He claims to have reserved a part of the dwelling on the land for use as his residence in each of these rentals. There was some evidence adduced in support of this claim—enough to carry the question to the jury and render the affirmative charge for plaintiff improper, but not enough to stand against a motion for a new trial on verdict for the claimant. Unless such reservation was made, no claim of homestead exemption as provided by section 2065 of the Code having been filed by Putman before he rented the place to Riddle and moved from it, he must be held to have abandoned his homestead in the premises.—*Pollak v. Caldwell*, 94 Ala. 149; *Blackman v. Moore-Handley Hardware Co.* 106 Ala. 458; *Gist v. Lucas*, 122 Ala. 557; *Land & Rentz v. Boykin*, 122 Ala. 627; *Porter v. Harrison*, 124 Ala. 296. Whether the reservation, if there was any, was for the purpose of continued occupation as a home was to be gathered from the tangible facts and circumstances in evidence: Putman should not have been allowed to testify that he reserved a part of the house "to live in." And this was, in view of the conclusion

to which we are now come, that the registry of the judgment was efficacious, the only issue in the case, the evidence being without conflict to the effect that the registration of the judgment was perfected before his return to the place on May 26th or 27th, 1899.

The court's instructions to the jury and some of its rulings upon instructions requested by the plaintiff, are not in harmony with the foregoing views. We deem it unnecessary to point out its errors in this connection more particularly.

As to rulings upon the competency of evidence: As indicated above, we think the court erred in allowing Putman to testify that he made the reservation he speaks of of a part of the house for the purpose of living in it. We are unable to see the legal pertinency of his testimony as to the physical condition of his wife. That also should have been excluded. The other rulings upon admissibility of proposed evidence are free from error.

Reversed and remanded.