# Spira, *et al. v.* The State, *et al.*

*Action to Recover Corporation Tax.*

(Decided June 7th, 1906.   41 So| Rep. 465.)

*License; Corporation Paying License Tax; Privilege Tax on Corporate Franchise.*—Code, Sec. 4122, Subd. 7, imposes license tax on breweries; sub. 55, imposing a privilege tax on corporations, provies that corporations otherwise specifically required to pay license tax shall not be required to pay a privilege tax; Held, a corporation doing a brewing business and paying the brewer's license tax is also liable for the franchise tax or corporate privilege tax.

APPEAL from Mobile Chancery Court.

Heard before HON. THOMAS H. SMITH.

Action by the state of Alabama to recover of Spira as receiver, the franchise or corporate privilege tax due by the Mobile Brewery of which he was receiver.   There was judgment for the state and the receiver appeals.

STEVENS & LYONS, for appellant.—The Mobile Brewery having paid the license tax required by subdivision 7 of § 4122, was exempted under the express provisions of subdivision 55 from paying any other or further privilege or license tax.—*Lehman Durr & Co. v. Robinson,* 59 Ala. 234; *U. S. v. Collier,* 3 Blatch. 333; *Brooks v. Mobile,* 31 Ala. 277; *Torreyson v. Board,* 7 Nev. 19; *Leversee v. Reynolds,* 13 Iowa, 310; *City of San Francisco v. Kelsey,* 5 Cal. 169; *Aldridge v. Mardoff,* 32 Tex. 204; Sedgwick Const. and Sat. 200.   There is a distinction between a license fee and a license tax and all the sections of the code in reference thereto are to be construed as one statute.

R. H. and N. R. CLARKE, for appellee.—Clearly the license tax required by subdivision 55 is for the privil-

f 12

ege of doing business as a corporation and consequent exemption from personal liability on the part of the stockholder.—*State v. Anniston Rolling Mill,* 103 Ala. 121. Both section or rather subdivisions have a field of operation, and the point of contention is expressly decided against the appellant in the case of *Troy Fertilizer Co. v. State,* 134 Ala. 333.

SIMPSON, J.—The Mobile Brewery, an Alabama corporation, being in the hands of appellant, A. H. Spira, as receiver, the tax commissioner of Mobile county presented a bill for certain license taxes claimed to be due by said corporation to the state and county, and commissions and fees due the tax commissioner, and the appeal is from the decree allowing said claim. The contention arises on the construction of § 4122 of the code of 1896, and particularly subdivision 7 and 55. The appellant claims that having paid the license tax required of a brewer under subdivision 7, the corporation was not liable to pay the privilege tax required by subdivision 55, because that subdivision makes an exception in favor of corporations "otherwise specifically required to pay a license tax;" and he places some stress upon the fact that the expression "license tax" is used in the exception, and the expression "privilege tax" in the requirement of said subdivision 55, his contention being that said corporation, having been required to pay the license tax, as a brewer, cannot be required to pay the privilege tax required of all corporations, according to the amount of their capital stock.

From an examination of the various statutes on kindred subjects, we do not think that the legislature had in mind any marked distinction between a license tax and a privilege tax, but it seems to have used the terms interchangeably. However that may be, it is clear that the interpretation of subdivision 55 is that corporations were to pay a privilege tax proportioned to the amount of their capital stock, and not according to the nature of the business in which they engaged, and that tax was for the privilege of exercising their corporate franchise. When the incorporators have taken the necessary steps,

and paid the privilege tax required, they have simply acquired the right to act in their corporate capacity in the state, and stand upon an equal footing with individuals or partnerships in the state, with the right to engage in any lawful business within their charter powers, upon the same terms as individuals or partnerships. If the intention had been to exempt a corporation from paying this privilege tax, on account of having paid the license tax for a particular line of business, the language used would have been to the effect that a corporation engaging in a particular line of business requiring a license, and paying the license required for that line of business, shall not be required to pay the privilege tax herein required, or it would simply releive all corporations from paying any license tax on business or occupation, which would be contrary to the entire spirit of our laws, if not constitutional provisions. It would be permitting a corporation to engage in a business requiring a license, on terms different from those allowed to individuals, and it would allow a corporation, by engaging in some line of business requiring a small license tax, to evade entirely the requirements of the law that it shall pay privilege tax in proportion to its capital stock.

It is true, as remarked by counsel for appellant, that this last consideration should not cause the court to place a wrong construction on the law; but it is a consideration which may be legitimately looked to in arriving at a proper determination as to the legislative intent. In addition to all this the language of the exception, "Corporations * * * nor otherwise specifically required to pay a license tax,"shows clearly that the intention was to except only those corporations in regard to which there was some particular specific provision of law,fixing the license or privilege tax to be paid by that particular corporation, and has no reference at all to the license taxes provided by the general law to be paid by all persons and corporations who engage in a particular line of business.—*Troy Fertilizer Co. v. State,* 134 Ala. 333, 32 South. 618.

The decree of the court is affirmed.

WEAKLEY, C. J., and TYSON and ANDERSON, concur.