# Montgomery Traction Co. *v.* The State.

*Doing Business Without License.*

(Decided July 2, 1907. 44 South. 541.)

*Taxation; Street Railway Corporations; Liability for More Than One Tax.*—A corporation having paid the license tax required of street railway corporations by subdivision 34, section 4122, Code 1896, as amended by the Act of March 4, 1903, (Acts 1903, p. 204) is not liable for any other corporate license or privilege tax, and is not liable for the tax imposed by subdivision 55, Section 4122, Code 1896, as amended by the Acts of 1900-01, p. 2616.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

The Montgomery Traction Company was convicted of doing business without the license required by subdivision 55, section 4122, Code 1896, as amended by Acts 1900-01, p. 2616, and appeals. Reversed and rendered.

This cause was tried on the following agreed facts: That the defendant is a corporation under the laws of the state of Alabama. That the amount of the paid-up capital stock of the defendant corporation is $335,000. That the Montgomery Traction Company was during the year 1906 a street railroad company, and during the said year in the city of Montgomery, county of Montgomery, and state of Alabama, operated in its corporate capacity a street railroad. That the defendant on the 15th day of January paid for and took out a license as a street railroad or street railway company, as required by subdivision 34 of section 4122 of the Code, as amended by an act "to better provide for the revenue of the state," approved March 4, 1903 (Acts 1903, p. 204). That the defendant did not pay for and take out the privilege tax as provided for by the terms of subdivision 55 of section 4122, as amended by an act to further amend the revenue laws of the state of Alabama, ap-

proved March 5, 1901 (Acts 1900-01, p. 2616). Upon this agreed state of facts the court gave the affirmative charge to find the defendant guilty and assess a fine of $510; and from this judgment the defendant appeals.

RUSHTON & COLEMAN, for appellant.—License paid by the Traction Company, or probably by some person who was operating the Traction Company was for the operation of a company and not for the operation of a street railway as such. If the licensing statute had said that all firms, persons or corporations who operate a street railway must pay a license of $200.00, the payment of said license would probably not have brought the corporation within the exception of subdivision 55, section 4122, Code 1896, as amended by the acts of 1900-01, p. 2616. So long as a company acts specifically in operating a company or corporation they are within the excepted clause, and if it were not so, it would amount to a double tax for the same thing. Both are franchise taxes.—Gray on Limitation of Taxing Power, § 57.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State.—The court properly held that the corporation was required to take out the license required by subdivision 55 of section 4122, Code 1896, or section 24 of the act amendatory thereof, Acts 1900-01, p. 2616, as well as to pay the corporation tax fixed by subdivision 34, section 4122, Code 1896, as amended by the acts of 1903, p. 204.—Spira v. The State, 41 South. 465; Troy Fert. Co. v. The State, 134 Ala. 333. To give the statute the construction contended for by appellant would be to render it unconstitutional.—Quartlebaum v. The State, 79 Ala. 1; 28 A. & E. Ency. of Law (2nd Ed.) 804; 26 Id. 640. A corporation cannot be required to pay a license tax which is not imposed upon an individual for engaging in the same business.—Phoenix Carpet Co. v. The State, 118 Ala. 151. Under section 229 of the Constitution only three classes of corporations are excepted from its provisions, and the legislature is powerless to engraft other exceptions.—26 A. & E. Ency. of Law, p. 604.

[Montgomery Traction Co. v. The State.]

SIMPSON, J.—The appellant was convicted of the offense of doing "business as a corporation in this state without a license and contrary to the provisions of sub-division 55 of section 4122 of the Code of 1896,   *   *   * as amended by the act   *   *   *   of 1901" (Acts 1900-01, p. 2616). The agreed statement of facts shows that the defendant corporation is a street railroad company, operating a street railroad in the city of Montgomery; that it has paid for and taken out a license as a street railroad company ,as required by subdivision 34 of section 4122 of the Code of Alabama, as amended by Act March 4, 1903 (Acts 1903, p. 204), but has not paid for or taken out the privilege tax, as provided by subdivision 55 of section 4122 of the Code of 1896, as amended.

The principal question involved in the case is whether or not a street railway corporation is liable for both the license tax imposed by subdivision 34 of section 4122 of the Code of 1896, as amended, and the privilege tax imposed on street railroads by subdivision 55 of section 4122 of the Code, as amended. According to its terms this last-named act imposes the tax only on "corporations   *   *   *   not otherwise specifically required to pay a license tax." The evident purpose of this act was to exempt from its provisions such corporations as, being of special nature, the Legislature had fixed a specific tax upon as such. Such are commercial railroads, street railroads; etc., as to which the Legislature has made special provision requiring taxes which are deemed sufficient to cover all the necessities of the case. Without such an interpretation, there would be no field of operation for the exception. The cases of *Spira v. State,* 146 Ala. 177, 41 South. 465, and *Troy Fertilizer Co. v. State,* 134 Ala. 333, 32 South. 618, do not conflict in the least with this case.

We hold that the traction company, having paid the license tax required of street railway corporations, was not liable for any other corporate license or privilege tax. The judgment of the court is reversed, and a judgment will be here rendered discharging the appellant.

Reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.