# Chinnabee Cotton Mills *v.* The State.

## *Failure to Take Out License.*

(Decided April 12, 1910.  52 South. 390.)

*Licenses; Corporation License; Operation.*—Under section 2361, Code 1907, a cotton mill company organized under the laws of this state and doing business in this state is required to pay license tax but only that tax required by subdivision 27 of that section, and is not required to pay a privilege tax under subdivision 26 of such section.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

The Chinnabee Cotton Mills was prosecuted for a failure to take out a privilege license and from a conviction thereon, appeals.  Reversed and rendered.

KNOX, ACKER, DIXON & BLACKMON, for appellant. The corporation was liable under subdivision 27b, section 2361, Code 1907, which tax was paid, and it was therefore not liable under subdivision 26.—*City of Bessemer v. T. C. I. & R. R. Co.*, 131 Ala. 138; *Montgomery T. Co. v. The State*, 150 Ala. 664.  The cases of *Spira v. The State*, 146 Ala. 177, and *Troy F. Co. v. The State*, 134 Ala. 333, do not militate against this contention.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State.  The defendant was liable for the privilege tax imposed by subdivision 26, section 2361, Code 1907, if the decisions in the case of *Spira v. The State*, 146 Ala. 147, and *Troy F. Co. v. The State*, 134 Ala. 333, are not overruled by the decisions in the case of *Montgomery T. Co. v. The State*, 150 Ala. 664, in which the court says there is no conflict or confusion.

EVANS, J.—The appellant, the Chinnabee Cotton Mills, a corporation organized under the laws of the state of Alabama, with a capital stock of $50,000, and organized and operated for the sole purpose of running a cotton factory, paid for the year 1909 the license tax for operating, as provided by subdivision 27b of section 2361 of the Code of Alabama of 1907.  It failed and refused to take a privilege license required of certain corporations, as provided by subdivision 26 of section 2361 of the Code of 1907.  For failing to take out this

[Chinnabee Cotton Mills v. The State.]

privilege license, a warrant, on information, was sworn out against appellant, and it was arrested, tried, adjudged guilty, and fined as the law provides where licenses due the state are not paid. The defendant below, appellant here, duly excepted to the ruling of the court in thus rendering judgment against it.

Section 2361, subd. 26, of the Code of 1907, is as follows: "All corporations, organized under the laws of this state and doing business in this state, not otherwise specifically required to pay a license tax, shall pay annually the following privilege taxes: Corporations whose paid up capital stock is under ten thousand dollars, ten dollars; corporations whose capital stock exceeds ten and is less than twenty-five thousand dollars, fifteen dollars; corporations whose paid up capital stock is twenty-five thousand dollars and does not exceed fifty thousand dollars, twenty-five dollars," etc., grading them on up and increasing the license until the capital stock exceeds $1,000,000. Section 2361 of the Code of 1907 is as follows: "Licenses are required of all persons engaged in or carrying on any business or doing any act in this section specified, for which shall be paid for the use of the state the following taxes: * * * 27b. Cotton Seed Oil Mill.—For every person, firm or corporation operating any cotton seed oil mill, cotton mill, or cotton factory, ten dollars, where the investment for plant and fixtures is less than twenty thousand dollars; on every plant where the investment is twenty thousand dollars and less than fifty thousand dollars, thirty dollars; on every plant where the investment is fifty thousand dollars and under one hundred thousand dollars, fifty dollars," etc., grading them on up and increasing the license tax until the capital stock exceeds $1,000,000.

[City of North Birmingham v. State ex rel Sparks, et al.]

The appellant is a corporation organized under the laws of this state, and doing business in this state, and is specilcally required to pay a license tax under subdivision 27b, above quoted, before it can do any of the business for which it was organized. We are therefore of opinion, and so hold, that appellant was not required to pay a privilege tax under subdivision 26. The case of *Montgorery Traction Co. v. State,* 150 Ala. 666, 44 South. 541, is directly in point. Cotton factories fall within the class of corporations which are "otherwise specifically required to pay a license tax." It follows that the court erred in rendering judgment against defendant.

The judgment of the trial court is reversed, and a judgment is here rendered discharging the defendant.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.