# Williams, Probate Judge *v.* State, *ex rel.* Mobile L. & R. R. Co.

## Mandamus

(Decided February 19, 1916.   71 South. 99.)

**Taxation; Franchise; Assessment.**—Sections 16, Acts 1915, p. 397, fixing a franchise tax on corporations does not fix the time for payment of the same, nor the commencement of the tax year; therefore, the time for the payment of such taxes and the period that the same shall cover are fixed by §§ 33E and G, Acts 1911, p. 184, and by § 2403, Code 1907.   Section 8, Acts 1915 p. 392, is not applicable to the franchise tax mentioned in § 16 of said act.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Petition by the State of Alabama, on the relation of Mobile Light & Railroad Company, for writ of mandamus directed to Hon. Price Williams, as Judge of Probate of Mobile county, directing him to issue a franchise license covering the year from January 1, 1916, to December 31st, both inclusive.  From the decree granting the mandamus as prayed, respondent appeals. Corrected and affirmed.

The petition alleges that prior to the approval of the act of September 14, 1915, petitioner had paid his franchise tax for the year 1915, as required by law, and that said license tax covered a period from January 1, 1915, to December 31, inclusive. It is further alleged that prior to December 31st, 1915, the commissioners' court of Mobile county at a regular meeting thereof levied a county franchise tax of 20 cents on every $1,000 of the capital stock of domestic corporations for county purposes. It is further alleged that petitioner has a capital stock of $2,225,-000, and on Friday, December 31, 1915, tendered to Price Williams, as such judge of probate, $1,013, and requested from him the issuance of a license covering the period from January 1, 1916, down to and including September 30, 1916, which tender the judge of probate refused to receive, and that petitioner thereupon tendered to said Price Williams the sum of $1,350.50, and requested him to issue a license from January 1, 1916, to Sep-

tember 30, 1916, both inclusive, which petitioner refused to receive, and refused to issue license. It is then alleged that petitioner tendered said last-mentioned sum to the said judge of probate as such judge, in payment of whatever franchise tax, state and county, which "might be due and payable by your petitioner for the period including the 1st day of January, 1916, which said tender the said Price Williams, as such judge of pro-' bate, accepted, and your petitioner then demanded the issuance of a state and county franchise license tax covering the year 1916, from the first to the last day thereof, inclusive," but that said judge of probate declined to issue such license. The decree was that the judge of probate accept the sum of $1,013 in payment of the franchise tax down to and including September 30, 1916, and issue license accordingly.

WILLIAM L. MARTIN, Attorney General, and LAWRENCE E. BROWN, Assistant Attorney General, for the State. HARRY T. SMITH & CAFFEY, for appellee.

PER CURIAM.—While section 16 of the new revenue law (Acts 1915, p. 397) fixes a franchise tax on all corporations and provides for the payment and collection of same, it does not attempt to fix the time for the payment of same or the commencement of the tax year. Therefore the time for the payment of a franchise tax and the period that the same should cover is fixed by Acts 1911, p. 184, §§ 33E and 33G, and Code 1907, § 2403. Section 8 of the revenue law of 1915 (page 392) does not apply to the franchise tax mentioned in section 16 of the act, as it does not apply to taxes not otherwise directed in the act, but otherwise directed by any law. Indeed, counsel for appellant does not contend that section 8 of the revenue act applies to the franchise tax as covered by section 16 of said act, but does insist that the franchise tax is a license tax, and the time for paying same and the period it should cover is controlled by section 18 of the act of 1915 (page 489), providing and fixing the license or privilege tax to be paid by every person, etc. It may be that a franchise tax has been regarded in some instances as a license tax, and has been spoken of indiscriminately as a license tax, though a distinction has been generally recognized.—*City of Montgomery v. Kelly,* 142 Ala. 552, 38 South. 67, 70 L. R. A. 209, 110 Am.

St. Rep. 43. The case of *Bigbee Fertilizer Co. v. Smith,* 186 Ala. 552, 65 South. 37, dealt with a remedial statute which provided for the refund of "license money," and, as a license was issued in each instance, we held that it applied to the refund of a privilege tax, as well as a license tax. In the case at bar, however, the Legislature has made and recognized a distinction between a franchise tax and a privilege or license tax by dealing with them differently in separate and distinct acts, and we are satisfied that it was not intended that section 18 of the license tax act refers to the franchise tax, as provided by the revenue act in section 16 of the same. Section 18 of the license tax act only applies to licenses therein treated, and not to taxes provided by the revenue act, which is a separate and distinct law from the license act. We therefore hold that the franchise tax provided by section 16 of the revenue act of 1915 (page 397) is due and payable to the 1st of January, and should cover a canledar year; that is, from January 1st to and including December 31st.

The law and equity court properly awarded the mandamus, but should have directed the issuance of the franchise license for the entire year, instead of for nine months, as the relator offered to pay the full amount due. The judgment of the trial court in awarding the mandamus is affirmed, but is corrected so as to direct that the license be issued for the full year upon payment of the amount provided by section 16 as a franchise tax.

The judgment of the law and equity court is affirmed in part, but is corrected in part, and one is here rendered directing the respondent to issue a license to the relator for the full year 1916 upon payment of the amount required by section 16 of the revenue act of 1915 (page 397).

Affirmed in part and corrected.

ANDERSON, C. J., and McCLELLAN, SAYRE and GARDNER, JJ., concur.