# Bigbee Fertilizer Co. *v.* Smith, Auditor.

## *Mandamus.*

(Decided January 20, 1914.  Rehearing denied April 16, 1914.
65 South. 37.)

1. *License; Corporations; Statute.*—A fertilizer manufacturing cor-
poration which has paid the license tax imposed by subd. 41, section
2361, Code 1907, for state and county purposes is not liable for privi-
lege tax under subd. 26 thereof.

2. *Same; Refunding.*—Under section 2411, Code 1907, as amended,
by Acts 1909, p. 165, a license tax erroneously paid under subd. 26,
section 2361, Code 1907, was returnable whether paid strictly as a
license tax or as a privilege tax.

3. *Same; Certificate.*—Under section 2412, Code 1907, a certificate
reciting the presentation of an application and that an applicant had
by mistake paid a corporation privilege tax, the amount of which
was due it, was sufficient to authorize a refund for taxes paid by
mistake.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Mandamus by the Bigbee Fertilizer Company against
C. B. Smith, as State Auditor.  Writ denied, and pe-
titioner appeals.  Reversed and remanded.

The petition alleges that petitioner is a corporation
organized for the purpose of manufacturing fertilizer
and selling same, and that under the provisions of sub-
division 41, § 2361, Code 1907, it paid to the probate
judge of Montgomery county, Ala., for the years 1908,
1909, and 1910, the sum of $200 for state purposes, and

$50 for county purposes; that under the provisions of subsection 26 of section 2361, all corporations doing business in the state not otherwise specifically required to pay a license tax are required annually to pay the privilege tax mentioned in said subsection, the same being based upon the amount of the capital stock of said corporation, and that, although petitioner during the years 1908, 1909, and 1910, paid the sum required as license for .operating a fertilizer factory, the sum of $200 for the state and $50 for the county as a license for operating such factory under subsection 41, the judge of probate also demanded and required, during said years above set out, that petitioner pay the corporation license under subsection 26, and accordingly your petitioner paid the judge of probate $200 during each of said years for the use of the state and $50 during each of said years for the county to procure a license for such years for doing business, as required by section 26, but that the amount so paid during each of said years, was paid to said judge of probate under a mistake or error of said judge of probate, and petitioner is entitled to have said amount so erroneously collected by the judge of probate refunded to it under section 2411, Code 1907, as amended by the act approved August 25, 1909. "Petitioner further alleges that, pursuant to the provisions of section 2412, it made application to the judge of probate for a certificate under said section, and the judge of probate issued to your petitioner two certificates which are set out and marked Exhibits A and B." It is then alleged that the certificates were presented to the auditor, and he declined to pay them, or to recognize them as binding on the state. The certificates referred to are as follows: "To the Honorable W. W. Brandon, State Auditor. To the Honorable Court of County Commissioners of Montgomery County. The

application of Bigbee Fertilizer Company having been presented and considered, I hereby certify that the said Bigbee Fertilizer Company paid into this office, as a privilege tax, under subsection 26 of section 2361, Code, 1907, required by said section of domestic corporations, doing business in this state, not otherwise specifically required to pay a license tax, the following sums: In 1908, for the state, two hundred dollars; for the county, fifty dollars; in 1909, for the state, two hundred dollars; for the county, fifty dollars; in 1910, for the state, two hundred dollars; for the county, fifty dollars. That in addition thereto, it paid the following sums as a license tax specifically required by subsection 41 of said section 2361 of the Code of 1907: For the year 1908, for the state, two hundred dollars; for the county, fifty dollars; for the year 1909, for the state, two hundred dollars; for the county fifty dollars; for the year 1910, for the state, two hundred dollars; for the county, fifty dollars. That the above sums paid during each of said years 1908, 1909, 1910, as a privilege tax, were paid by said Bigbee Fertilizer Company, through error, it having paid in each of said years a license tax specifically required of it, and that said sums paid as a privilege tax are due to the said Bigbee Fertilizer Co. Witness my hand and seal of office this ——— day of July, 1910. J. B. Gaston, Judge of Probate."

STEINER, CRUM & WEIL, for appellant. Mandamus will lie to compel the performance of the duty imposed on the auditor by § 2412, Code 1907.—*Purifoy v. Andrews,* 101 Ala. 643; *Smith v. McCutchins,* 146 Ala. 458; *Brewer v. State,* 62 Ala. 215. The probate judge having issued his certificate, it became the duty of the auditor to draw the warrant therein required.—*Graham v. City of Tuscumbia,* 146 Ala. 454. The certificate is conclu-

sive as to the requirements of the section as amended by Acts 1909, p. 165.—*State, ex rel. v. Langan,* 149 Ala. 647; *Ramagano v. Crook,* 85 Ala. 226. The word "mistake" as used in the acts of the Legislature above referred to includes a mistake of law.—*White v. State,* 117 Ala. 232; 164 U. S. 190. Appellant was not liable for the payment of the privilege tax required by subd. 26, of § 2361, Code 1907, as he had already paid for licenses provided by subd. 41 of such section.—*Chinnabee Cot. M. v. State,* 166 Ala. 120; *So. Ry. v. Green,* 216 U. S. 400; *Spira v. State,* 146 Ala. 178.

R. C. BRICKELL, Attorney General, THOMAS H. SEAY, Assistant Attorney General, and DANIEL W. TROY, for appellee. Appellant is seeking not to recover a license tax for doing business, but a mere privilege tax levied upon its franchise as a corporation within this state.— *So. Ry. v. Green,* 160 Ala. 396. The tax was properly levied under § 229 of the Constitution, and the court cannot legislate into § 2411, Code 1907, a legislative intent to pay privilege tax therein. Before the auditor can draw his warrant, there must be a clear and unambiguous statute directing it.—*Chisholm v. McGhee,* 41 Ala. 192. Voluntary payments cannot be recovered without express statutory authority.—45 Cent. Dig. col. 1348-51. A party paying a tax under a mistaken idea of law, cannot recover.—65 N. E. 766; 34 S. E. 512; 64 S. W. 13; 1 N. W. 742; 10 S. W. 352. The Legislature has a definite idea of requiring a license or privilege tax for the doing of certain acts as well as for the carrying on of certain business.—*Home I. Co. v. New York,* 134 U. S. 594; *K. C. M. & B. v. Styles,* in MSS.

ANDERSON, C. J.—The act amending section 2411 of the Code of 1907 (Sp. Sess. 1909, page 165) provides

for the refunding of "license money" under the conditions therein set out. The state's counsel concede that the appellant paid the fund in question under subdivision 26 of section 2361, when it was not liable for same for the reason that it had paid the license tax due by it under subdivision 41 of said section 2361.—*Chinnabee Cotton Mills v. State,* 166 Ala. 119, 52 South. 390.

Counsel does contend, however, that the act in question provides only for refunding a license tax and not a privilege tax, and that the tax sought to be recovered was made a privilege tax under the terms of subdivision 26. Whether there is or is not a substantial distinction between a license tax and privilege tax we need not decide, though this court has intimated that there is.—*City of Montgomery v. Kelly,* 142 Ala. 552, 38 South. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43. On the other hand, it was stated in the case of *Spira v. State,* 146 Ala. 177, 41 South. 465, in discussing this statute, that the Legislature did not have in mind any marked distinction between a license tax and a privelege tax, but seems to have used the words interchangeably. We think the act in question contemplates the refunding of the fund in question whether it be designated as a privilege tax or a license tax. The act covers all money paid for a license whether it was paid strictly as a license tax or as a privilege tax. It refunds "license money" and under the terms of subdivision 26, the sum there required is for a license, the issuance of which is contemplated and required.

Whether or not the auditor can question the certificate of the probate judge, in this proceeding, we need not determine, as we think the certificates issued by him are sufficient under the terms of the act. It may be true that the said certificates do not specifically set up any inadvertence, neglect, or personal error upon the

part of the probate judge, but it does appear therefrom that this money was paid in and received when there was no legal obligation upon the appellant to pay it, or legal authority vested in the probate judge to collect or receive it. If the probate judge collected and received it without the sanction of law, then he committed such an error as is provided for by the act in question, and the point made against the certificates is hypercritical. The purpose of this statute has been well expressed by this court, in considering a kindred one, in the case of *White v. Smith*, 117 Ala. 232, 23 South. 525, wherein the court said, speaking through BRICKELL, C. J.: "The statute is intended to provide the taxpayer, who by mistake has paid taxes he ought not to have paid, a speedy, inexpensive remedy to reclaim the money from the state and county treasury into which it has passed. It is the successor of proceeding statutes having a common object—the promotion of justice and equity between the state and county and the taxpayer. If by mistake, whether of law or of fact, the state or county has, through the medium of taxation, received money of the taxpayer to which it was not entitled, ex equo et bona, it is but natural right and justice that the mistake should be corrected and the money refunded."

The circuit court erred in sustaining the demurrers to the appellant's petition, and the judgment of said court is reversed and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.