# Lovelady, *et al. v.* Loveman, Joseph & Loeb.

## *Mandamus.*

(Decided January 21, 1915.   68 South. 48.)

1. *Mandamus; Scope of Remedy.*—Where a party pays privilege taxes under a statute afterwards held unconstitutional and applies for a refund thereof, and procures a certificate from the judge of probate, neither the State Auditor nor the Court of County Commissioners have any authority to audit the claim, and hence, where the court refused to draw an order in accordance with the probate judge's certificate, mandamus is the proper remedy. (Section 2411, Code 1907, as amended by Acts 1909, p. 165, and section 2412, Code 1907.)

2. *Counties; Claims Against; Limitations.*—In such a case as this the general statute providing for presentation of claims against counties, and creating a limitation period, is without application.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Application for mandamus by Loveman, Joseph & Loeb, requiring the commissioners court or board of rev-

enue of Jefferson county, to repay certain privilege taxes paid under an unconstitutional statute, they having previously obtained a certificate from the probate judge of Jefferson county. From a judgment awarding the writ, respondents appeal. Affirmed.

W. K. TERRY, for appellants.

HAMIL & SAVAGE, for appellee.

McCLELLAN, J.—This appeal is from a judgment awarding a writ of mandamus in favor of the appellee to compel the board of revenue of Jefferson county to issue the county's warrant to the appellee for the sum of $304.23 upon a certificate of the judge of probate, reciting that the appellee had made erroneous payments of privilege taxes for the years 1909 and 1910, the act under or in accordance with which the payments were made being constitutionally invalid as ruled by the Supreme Court of the United States.

(1, 2) The correctness of the remedy here pursued and the propriety of the action of the court below in awarding the writ may be affirmed upon the apt authority of *Bigbee Fertilizer Co. v. Smith, State Auditor*, 186 Ala. 552, 65 South. 37. But two grounds of argument for error—aside in a way from those concluded by the decision noted—will be accorded consideration.

It is contended, in effect, that the county governing body is not bound by a proper certificate of the judge of probate of erroneous payment; but that it may *audit* the matter, and, in necessary consequence, that it has a discretion in the premises. Our opinion is that the following provisions of the statutory system here invoked deny the existence, in respect of such matters, of any discretion in the county body or in the state audi-

tor, as the case may be, to investigate or to determine the propriety of a proper certification made by the judge of probate:

"That section 2411 of the Code of Alabama be and the same is hereby amended, so as to read as follows: 2411 (4135) When License Money Refunded.—Any person who, through a mistake or error in the probate judge, has paid to the probate judge money that was not due from him for *such* license, or by such mistake has paid to the probate judge for such license an amount in excess of that required by law for the business to be carried on by such person under the license, such person shall be entitled to have refunded to him the amount in either event so erroneously collected by the probate judge, and the provisions of this section shall apply in cases where money has heretofore been so erroneously paid within two years before the approval of this act." —Acts Sp. Sess. 1909, pp. 165, 166.

Section 2412 of the Code of 1907 reads: "On the application of any such person, his executor, administrator, or assigns, the judge of probate for the county in which such license was taken out shall proceed to ascertain the amount due such applicant under the provisions of the preceding section, and shall grant such certificates as will enable the state auditor and court of county commissioners to draw his warrant, or their order, respectively, and such warrant or order shall be paid out of any moneys in the state treasury or county treasury, respectively, not otherwise appropriated."

It is entirely clear from the statute last reproduced that the consideration contemplated should be by and before the judge of probate, to whom the application is required to be made. He ascertains the amount erroneously paid and thus becoming "due such applicant." The office of his appropriate certificate is *only* to so ad-

vise the state auditor or the county body as "to enable"
either of them "to draw" the proper warrant or to is-
sue the proper "order," and thereupon the statute com-
mands the payment of the warrant or order out of the
appropriate treasury from funds not otherwise appro-
priated. The sole connection or duty the auditor or the
county body has with the matter after proper certifi-
cation is entirely ministerial. Mandamus is the remedy
to compel such action as the board of revenue here de-
clined to perform. There is under the statutes no op-
portunity or occasion for an *audit* by the county body,
any more than by the state auditor; and the general
statute, requiring the presentation of claims against
counties and creating a limitation period, is without
application.—*Dale County v. Gunter,* 96 Ala. 118, 135.

No error affects the judgment awarding the writ. It
is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, and GARDNER, JJ., con-
cur.