# Smith, Auditor, *v.* Tennesse Coal, Iron & Railroad Company.

## *Mandamus.*

(Decided May 20, 1915.  68 South. 865.)

1. *Mandamus; Grounds; Refund of Taxes.*—Mandamus is the proper remedy to enforce the issuance of a warrant where the auditor is bound to issue the same for the refund of taxes on certificate of the judge of probate and which he refuses to issue on demand.

2. *Stipulations; Agreed Statement; Conclusiveness.*—Where all the facts necessary to authorize the issuance of a writ of mandamus are agreed upon in the statement of facts and not contested in the lower court, they cannot be contested on appeal.

3. *Licenses; Refund; Mistake.*—Where money is paid under a purported valid license tax, which was, in fact, invalid, it is paid under mistake or error within the meaning of those terms as used in § 2411, Code 1907, as amended by Acts 1909, p. 165, and § 2412, Code 1907.

4. *Same; Certificate.*—A certificate of the probate judge appended to a petition in this case examined and held to sufficiently comply with the requirements of § 2412, Code 1907, to authorize and require a refund of the taxes therein mentioned.

5. *Statutes; Subject; Title.*—The title of Acts 1909, p. 165, amending § 2411, Code 1907, sufficiently embraces the provisions contained in the body of the act.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Petition by the Tennessee Coal, Iron & Railroad Company for mandamus to require C. Brooks Smith, as State Auditor, to issue a warrant for the refund of cer-

tain taxes. From an order awarding the writ, respondent appeals. Affirmed.

The agreed statement of fact is as follows: That petioner is a foreign corporation, and prior to the year 1900 acquired property and engaged in business in the state of Alabama, having complied with all the laws, so as to authorize it to do business, and that since 1900 it had owned and operated manufacturing plants in the state of Alabama. That payments on the dates and in the amounts as alleged in the petition and in the certificate of the probate judge were made, and were accompanied by affidavits as required by the act of March 7, 1907 (Laws 1907, p. 418), and that the amounts paid were computed on the basis of said act, vouchers used stating that the payments in 1907-08 were made under the act of March 7, 1907, and that the payment made in 1909 was made under section 2392 of the Code. It is further agreed that during the years 1907 to 1909, inclusive, the paid-up capital stock of petitioner exceeded $1,000,000. It is further admitted that the certificate which is attached is a true and correct copy of the certificate as issued by the judge of probate. It is also admitted that demand had been made upon the state auditor. The following is the petition and certificate:

To C. B. Smith, State Audtior, Montgomery, Ala.— Dear Sir: You are hereby requested to draw your warrant in my favor under act approved August 25, 1909 (page 166 of Acts of 1909), for the following sums:

| Date. | License No. | Amount. |
|---|---|---|
| Oct. 1, 1909 | 2831 | $5,679.37 |
| Jan. 15, 1908 | 690 | 5,673.28 |
| Jan. 14, 1909 | 749 | 6,807.94 |
| Total | | $18,160.59 |

Erroneously paid by me to judge of probate of Jefferson county; this being the amount paid by me, less the judge of probate's commission; said request being made under recent decision of the Supreme Court, Bigbee Fert. Co. v. C. B. Smith, as Auditor.

Witness my hand and seal, this 29th day of May, 1914.

Tennessee Coal, Iron & R. R. Co., Petitioner.
By Walker Percy, Division Counsel.

I, J. P. Stiles, judge of probate of Jefferson county, state of Alabama, do hereby certify that the above petition is true, correct, and unpaid, as evidenced by the records in this office, and will ask you, as state auditor, to draw your warrant in favor of the above petitioner for $18,160.59, this 29th day of May, 1914.

J. P. Stiles,
Judge of Probate of Jefferson County.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for appellant.

PERCY, BENNERS & BURR, for appellee.

MAYFIELD, J.—This is an appeal from a judgment or an order of the city court of Montgomery awarding a writ of mandamus to compel the state auditor to draw a warrant on the state treasury for certain license or privilege taxes paid by appellee to the probate judge of Jefferson county under and by virtue of a state stat· ute or statutes which have been declared void by the Supreme Court of the United States in the case of *Southern Railway Company v. Greene*, 216 U. S. 400, 30 Sup. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247, because in violation of the federal Constitution. The application for mandamus practically followed the appli-

cation in the case of *Bigbee Fertilizer Company v. Smith, State Auditor,* 186 Ala. 555, 65 South. 37, and the appeal is affirmed on the authority of that case, except, as to some other question insisted upon, not insisted upon, or not occuring, on the appeal in that case. The application was heard on an agreed statement of facts, which will be set out by the reporter in his report of the case. As was said in the case above referred to, the application is based upon section 2411 as amended by Acts 1909, p. 165, and section 2412, of the Code of 1907. We feel sure that the case made by the petition, and which is in every respect supported or proven by the agreed statement of facts, makes a case within the protection of the statutes.

(1) If it was, as it appears, the clear duty of the auditor to issue the warrant in accordance with the certificate of the probate judge, as is authorized and required by section 2412 of the Code, and demand was made upon him to issue, and he failed and refused to issue the warrant, then mandamus is the proper remedy to compel him to so issue the warrant.

(2) As before stated, all these facts necessary to warrant the writ are agreed to in the agreed statement of facts, and were not therefore contested in the lower court, and cannot be contested here, for the first time, under such circumstances.

It is insisted in argument by the state that some part of the money might have been collected under another and valid statute. The trouble with this contention is that the petition alleges, and the statement of facts admits, that the money was paid under void statutes and not under valid ones. Nor does the respondent's answer set up or claim that the tax can or should be held under any other statute.

[Smith, Auditor, v. Tennessee Coal, Iron & Railroad Company.]

(3) It is also insisted that the payment was voluntary, and not compulsory, and that therefore appellee was not entitled to have it paid back. The trouble with this contention is that the statutes do not make involuntary payment, or payment under protest, a prerequisite to the right to have money wrongfully exacted paid back to the taxpayer. The money was paid and collected under what purported to be a valid statute, but which was, in law, not valid; hence it was paid under a "mistake or error" of the probate judge, and was within the meaning of the statute.

(4) The certificate of the probate judge was in all things sufficient, as required by section 2412 of the Code.

(5) There is nothing in the contention that the title of the act amending section 2411 of the Code did not and could not embrace the provisions contained in the body of the statute, and which were held to be embraced within it in the *Bigbee Fertilizer Case, supra.*

We find no error, and the judgment must be affirmed, and the writ awarded.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ , concur.