(75 South. 465)

TURNER v. ANNISTON ELECTRIC & GAS CO. (7 Div. 866.)

(Supreme Court of Alabama. April 26, 1917. Rehearing Denied May 24, 1917.)

MANDAMUS ☞118 — PUBLIC OFFICERS AND BOARDS—REFUNDING OF TAXES.

Where a foreign corporation which paid certain privilege taxes under Act March 7, 1907 (Acts 1907, p. 418), subsequently declared unconstitutional by United States Supreme Court, obtained a certificate of the probate judge under Code 1907, § 2411, as amended by Act Aug. 25, 1909 (Acts 1909, p. 165) and Acts 1915, p. 120, and upon presentation of such certificate to the commissioners' court of the county it refused to grant a warrant for the amount so paid, the corporation was entitled to a writ of mandamus directing the issuance of such warrant.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 250.]

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Mandamus by the Anniston Electric & Gas Company against T. A. Turner, as President of the Commissioners' Court of Calhoun County. From a judgment granting a peremptory writ, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Petition for mandamus by the Anniston Electric & Gas Company against the members of the commissioners' court of Calhoun county, Ala., praying that a writ be directed to them requiring the issuance of a warrant to petitioner for the sum of $553.50, which the petition alleges was paid as a franchise tax under the General Acts of 1907 (page 418), and that said sums paid by it during the years 1908, 1909, and 1910 were paid through a mistake or error, in that the said act under which said franchise taxes were paid was unconstitutional, as declared by the Supreme Court of the United States in the case of Southern Railway v. Greene, 216 U. S. 400, 30 Sup. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247. The petition further alleges that application was duly made by it to the probate judge of Calhoun county, under the provisions of the act of August 25, 1909, amending section 2411 of the Code of 1907, and under the amendment 'of section 2411 of the Acts of 1915, p. 120, praying that said probate judge grant to the petitioner a certificate to enable the court of county commissioners to draw a warrant on the county treasurer in favor of petitioner for said sum so paid through mistake or error. The petition further avers that the said probate judge granted to the petitioner the said certificate, which appears in its proper form. It is then alleged that the certificate of the probate judge was presented to said commissioners' court at a regular term of said court, and an order entered denying the same.

The petition was demurred to upon numerous grounds, among others, that the certificate of the probate judge is without authority of law, and that it does not show that the money claimed was paid through a mistake or error on the part of the probate judge, that it does not show any duty on the part of the defendant to pay the money, and that it fails to show that said money was paid within two years before the approval of the act of February 22, 1915. The demurrers were overruled. Thereupon the respondent filed answers setting up that there was adequate

remedy at law in assumpsit, and that there is no law which authorizes a refund of money which was paid as alleged in said petition. The respondent also pleaded the statute of limitation of one, two, three, and six years. Demurrers to the pleas filed by the defendant being sustained, the defendant declined to plead further, and judgment was then entered granting the peremptory writ of mandamus as prayed.

E. H. Hanna, of Anniston, for appellant. Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

GARDNER, J. The appellee, a foreign corporation, paid certain privilege taxes under the act of March 7, 1907 (Gen. Acts 1907, p. 418), which was subsequently declared to be unconstitutional by the Supreme Court of the United States in the case of Southern Railway v. Greene, 216 U. S. 400, 30 Sup. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247.

The questions argued by counsel for appellant on this appeal have been heretofore determined by this court in the following recent cases: Smith, as Auditor, v. Tenn. Coal, Iron & R. R. Co., 192 Ala. 129, 68 South. 865; Bigbee Fertilizer Co. v. Smith, 186 Ala. 552, 65 South. 37; Lovelady v. Loveman, Joseph & Loeb, 191 Ala. 96, 68 South. 48; Allgood, as Auditor, v. Sloss-Sheffield Steel & Iron Co., 71 South. 724.[1] A discussion therefore of the questions here presented in brief would but result in a repetition of what has been said in the above-cited authorities. The correctness of these cases has been attacked by counsel. The argument advanced in brief has been given due consideration by us, but we have not been persuaded that the above-noted decisions were erroneous, and we therefore adhere to what was therein decided. These authorities are decisive of the instant case, and it therefore results that the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.