(76 South. 858)

BOARD OF REVENUE OF MONTGOMERY COUNTY v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO.  (3 Div. 283.)

(Supreme Court of Alabama.  June 7, 1917. Rehearing Denied Nov. 22, 1917.)

1. MANDAMUS ☞157—PRELIMINARY WRIT TO SHOW CAUSE—VALIDITY.

A preliminary writ requiring defendants to show cause why they should not be compelled to act, and not only why they had not acted, is not subject to objection.

2. LICENSES ☞34 — RETURN OF FRANCHISE TAX—BOARD OF REVENUE.

Where the probate judge had issued a certificate as authorized by statute, reciting that respondent had made erroneous payments of franchise taxes, the certificate is not subject to audit by the board of revenue of the county, but it is the board's duty to issue the warrant.

3. LICENSES ☞34—RUNNING OF STATUTES—MANDAMUS.

Limitations do not run against mandamus to compel the board of revenue of a county to issue warrant based on a certificate of the probate judge, reciting erroneous payment of franchise taxes by respondent.

4. MANDAMUS ☞143(2)—LACHES—RETURN OF FRANCHISE TAX.

Though laches may be a defense, the board of revenue of a county cannot defeat mandamus begun shortly after the issuance of a certificate by the probate judge, reciting applicant's erroneous payment of franchise taxes, on the ground of delay in applying for the certificate, that being a matter addressed to the discretion of the probate judge.

5. MANDAMUS ☞118—REFUND OF FRANCHISE TAX—CERTIFICATE OF PROBATE JUDGE.

While the board of revenue of a county has no discretion and is bound to issue a warrant on presentation of a proper certificate of the probate judge, reciting erroneous payment of franchise taxes, issuance of a warrant on account of an item which the probate judge was not by statute authorized to certify cannot be required by mandamus.

6. MANDAMUS ☞187(9)—REVIEW—HARMLESS ERROR.

Where the probate judge issued a certificate reciting applicant's erroneous payment of franchise taxes, including therein an item not authorized to be certified by statute, and appli-

cant omitted such item on requesting the issuance of a warrant by the board of revenue, and it was also omitted from the judgment awarding a final writ of mandamus, the denial of the demurrer of the board of revenue on account of such item was harmless, though erroneous, within rule 45 (61 South. ix), prohibiting reversal for harmless error.

7. CONSTITUTIONAL LAW ☞287 — LICENSES ☞7(1)—DUE PROCESS OF LAW—REFUNDING OF LICENSE TAXES.

As only those certificates of the probate judge reciting erroneous payment of taxes which are authorized by statute are conclusive on the county board of revenue, the statute authorizing such certification is not in violation of Const. U. S. Amend. 14.

8. CONSTITUTIONAL LAW ☞42 — DUE PROCESS OF LAW—THOSE ENTITLED TO RAISE QUESTION.

As a county is a subordinate division of the state deriving its authority to levy and collect taxes from the Legislature, its revenue board cannot invoke the provisions of Const. U. S. Amend. 14, against the methods prescribed by. Legislature for return of illegal taxes.

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Application by the Southern Bell Telephone & Telegraph Company for mandamus to the board of revenue of Montgomery county, to compel said board to draw its warrant on the county treasurer in a certain sum upon the certificate of the judge of probate, reciting that the appellee had made erroneous payments of franchise taxes for certain tax years named therein. From a decree granting the writ, respondent appeals. Affirmed.

John R. Tyson and A. H. Arrington, both of Montgomery, for appellant. Steiner, Crum & Weil, of Montgomery, for appellee.

ANDERSON, C. J. [1] The trial court did not err in declining to quash the preliminary writ to show cause. It is unlike the one considered in the case of Longshore v. State ex rel. Turner, 137 Ala. 636, 34 South. 684. There the writ commanded the respondents to appear and show cause why they have neglected and refused to discharge the duties enjoined upon them under the ordinance of the constitutional convention. It did not command them to show cause against the issuance of a peremptory writ coercing the action desired, but the command was that they show cause not why they should be compelled to act, but why they have not acted as if the purpose and end of the proceeding was to punish them for past pretermission of duty, and not force them to discharge of duty in the future. Here the writ commands that cause be shown why they may not be compelled to act, and not why they have not acted.

[2] It has been repeatedly held that mandamus to the auditor or board of revenue was the proper remedy to enforce the issuance of the warrant after the issuance of the certificate by the probate judge as di-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 511.

rected by the statute, and that where the probate judge had issued such a certificate as the statute directed, it was not subject to audit by the board, but it was its duty to issue the warrant. Bigbee Co. v. Smith, 186 Ala. 552, 65 South. 37; Smith v. Tenn. Coal Co., 192 Ala. 129, 68 South. 865; Lovelady et al. v. Loveman, 191 Ala. 96, 68 South. 48; Allgood v. Sloss Co., 196 Ala. 500, 71 South. 724; Turner v. Anniston Co., 75 South. 465, ante, p. 89.

[3, 4] It is also well settled that the respondent could not invoke the statute of limitations. It was suggested in the opinion in the Allgood Case, supra, that laches was available against mandamus, notwithstanding there was no statute of limitations against the enforcement of these claims. We do not think, however, that there was any laches in seeking the mandamus in this case, as it was filed a very short time after the issuance of the certificate. If the petitioner was tardy in procuring the certificate so as to render it guilty of laches, this was a question that addressed itself to the probate judge and not these respondents.

[5, 6] We do not think that the court held or intended to hold in the Lovelady Case, supra, that a certificate by the probate judge as to every fact was conclusive on the board of revenue so as to require the issuance of a warrant upon a certificate which showed on its face that the tax was not governed or controlled by the statute in question. It was simply held that when a proper certificate was presented the board had no discretion in the matter, that is, a certificate involving a finding authorized by the statute. Hence the item for the year 1907, was not authorized to be certified by the probate judge, or the refunding of same contemplated by the statute under which said certificate was made, and it was error not to have sustained the respondents' demurrer to the petition and writ upon this ground, but we think that the record affirmatively shows that this error was without injury, as the petitioner omitted this item when requesting the warrant and the same was omitted from the judgment of the court awarding the final writ of mandamus. The respondents would have been justified in refusing the issuance of a warrant for the entire sum and upon a request for same in bulk, but the objectionable item having been eliminated from the request and being separable from the other items, it should have issued a warrant for the amounts governed by the statute, as the fact that the certificate contained an objectionable item, separable from the others, did not invalidate the entire certificate, especially where the petitioner sought a warrant only for the proper items. We think this is a fit case for the application of rule 45 (61 South. ix).

[7, 8] We are not impressed with the suggestion that the statute, as construed by this court, is repugnant to the Fourteenth Amendment to the federal Constitution. In the first place, we do not hold that every certificate issued by the probate judge is conclusive upon the county, only such certificates as are authorized by the statute are conclusive on the board of revenue, and not one certifying that a tax was governed by the act when it showed upon its face that it was not. Moreover, a county which is but a subordinate division of the state, deriving its authority to levy and collect taxes, except as restricted by the Constitution, from the Legislature, is in no position to invoke the federal Constitution against the method prescribed by the Legislature for the restoration of an illegal tax.

The judgment of the city court is affirmed. Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.