(100 South. 877)

**ALLGOOD, State Auditor, v. STATE ex rel. CHANDLER. (3 Div. 672.)**

(Supreme Court of Alabama. June 19, 1924. Rehearing Denied June 30, 1924.)

1. Mandamus ⬤➾168(2)—Burden of going forward with evidence held on petitioner.

In mandamus to compel state auditor to issue warrants to repay sheriff for feeding prisoners, when state showed that portion of amount collected as feed bill from state had been used in feeding juvenile and federal prisoners, burden of going forward with evidence was upon petitioner to show where food was purchased, nature, amount, and price thereof.

2. Mandamus ⬤➾168(2)—Evidence held not to show that sheriff used other moneys than those collected from state with which to feed federal and juvenile prisoners.

In mandamus to compel state auditor to issue warrant to repay sheriff for feeding prisoners, where evidence did not show purchase by sheriff of supplies for all prisoners in excess of amount paid him by state for county and state prisoners, he failed in carrying burden of showing that he used other moneys than those which were collected from state, with which to feed federal and juvenile prisoners during days which he maintained them.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Petition of the State of Alabama, on the relation of William Chandler, for mandamus

to W B. Allgood, as State Auditor, to require the issuance of a warrant upon the State Treasurer for amounts expended by relator, as Sheriff of Etowah County for feeding prisoners. From a judgment awarding the writ, respondent appeals. Reversed and rendered.

Harwell G. Davis, Atty Gen., and Lamar Field, Asst. Atty Gen., for appellant.

The relator having used funds collected by him for purposes other than for feeding state and county prisoners, the respondent properly withheld payment of further funds to him. Code, 1907, § 610.

Motley & Motley, of Gadsden, for appellee.

The judgment should not be reversed, unless manifestly opposed to the evidence. Colley v Atla. B. & I. Co., 196 Ala. 374, 72 South. 45; Nooe's Exr. v. Garner's Admr., 70 Ala. 443; Montgomery Lodge v Massie, 159 Ala. 437, 49 South. 231. A set-off must be pleaded and proven. State v Brewer, 62 Ala. 215. It is not required that the sheriff shall keep an itemized statement of the kind and amount of food purchased. State v. Lee, 18 Ala. App. 264, 90 South. 337.

THOMAS, J. The vital question for decision is the disposition made by petitioner of the $2,143 46 collected from the state under the representation that it had been used in feeding state and county prisoners. The answer of the auditor was:

"Further answering said petition, the defendant, as a defense to the action of the petitioner, says that at the time the action was commenced the petitioner was indebted to the state of Alabama in sum of $1,100.93, by reason and on account of the following facts, and the defendant hereby offers to set off against the demand of the plaintiff and claims judgment for the excess, namely:

"The defendant avers that the petitioner, collected from the state of Alabama during the year commencing April 1, 1921, and ending March 31, 1922, the sum of $2,143 46, under the representation that he had actually expended that amount in feeding state and county prisoners, and that the defendant avers that such amount was not expended in the feeding of state and county prisoners, and that only $1,042.53 of said amount was expended by him for feeding state and county prisoners, and that $1,100.93 of said amount was used in purchasing food for federal, juvenile, insane, and other prisoners, other than state and county prisoners, and that the petitioner diverted to his own use said $1,100 93 of the state of Alabama, and is at the present time indebted to the state in said sum."

[1] When the state showed that a portion of the amount collected as feed bills from the state had been used in feeding other than state and county prisoners—as juvenile and federal prisoners—the burden of going forward with the evidence was cast upon the petitioner to show where the food was purchased, the nature, amount, and price thereof.

[2] This burden of proof the sheriff has not discharged. It is without dispute that state and county prisoners represent only 4,-646 prison days, while other prisoners as indicated represent 4,893 prison days. The latter, multiplied by the per capita of $.225 per day per prisoner, makes the sum of $1,-100.93, which is due the state and should have been deducted from the $2,143.46 collected by the sheriff as feed bills. The examiner testified of this:

"I have a statement showing the number of federal prisoners there and state and county prisoners for each of the months during the twelve months' period which I have mentioned. The total amount of state and county prison days during that twelve months' period was 4,646, and the total number of prison days of parties other than state and county convicts who were fed during that time is 4,893—the total of the two being 9,539. The total amount which was collected by the petitioner as representing the amount actually expended for food for state and county prisoners during the yearly period is $2,143.46. Dividing the number of prison days into that amount, it shows $.225 per capita per day Using the $.225 as a basis, and multiplying it by 4.893, which is the number of prison days for other than state and county prisoners, the result is $1,100.93 for feeding parties other than state and county prisoners out of money he collected from the state, represented by him as being actually expended in feeding state and county prisoners."

The evidence does not show purchase by the sheriff of food and supplies for all the prisoners in excess of the amount paid petitioner by the state for county and state prisoners. It follows that petitioner failed in carrying the burden of going forward with the evidence to show that he used other moneys than those which were collected from the state with which to feed federal and juvenile prisoners for the 4,893 prison days during which it is shown the sheriff maintained the latter class of prisoners. That is to say, the evidence shows that the state paid for feeding all prisoners, since there is no specific evidence of a like amount of food purchased at other places than indicated in the testimony with which to feed the federal and juvenile prisoners. The total amount of such purchases shown did not exceed the collections of the sheriff from the state for the feeding of state and county prisoners. Thus petitioner failed in his proof. See Board of Revenue v. Southern B. T. & T. Co., 200 Ala. 532, 76 South. 858.

Reversed and rendered, writ denied, and petition dismissed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.