(107 So. 326)

**ALLGOOD, State Auditor, v. PARKER et al.**
(3 Div. 536.)

(Court of Appeals of Alabama. Feb. 16, 1926.)

**Mandamus** ⬦⟜102(1).

Mandamus *held* properly issued to compel state auditor to issue warrant, pursuant to certificate of probate judge under Acts 1919, p. 445, §§ 375, 376, for refund of license erroneously collected by probate judge.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Petition of William M. Parker and another for mandamus to W. B. Allgood, as State Auditor. From a judgment awarding the writ, respondent appeals. Affirmed.

William M. Parker and Mrs. E. L. Sledge were engaged in the retail hardware business under the firm name of Parker-Sledge Hardware Company. They suffered a fire in their place of business, which damaged their stock of goods. These goods were by them advertised for sale as goods damaged by fire, and were being so sold, when a license inspector demanded of the owners that they take out a license to transact business as "fire sale, under schedule 51, §.361, Acts 1919, p. 411." Under protest, this demand was complied with. A license was issued, and the sum of $150 was paid therefor; $100 for the use of the state and $50 for the use of the county. Thereafter Parker and Sledge made application to the probate judge of the county to ascertain the amount due to be refunded to them and to grant such certificates as would enable the state auditor and the board of revenue of the county to draw warrant or order in repayment to them (under sections 375, 376, Acts 1919, p. 445), alleging that the sale of goods damaged by fire was a mere incident to the business in which applicants were then, and had been prior thereto, engaged; that no additional stock was added to the stock damaged by fire; and that the license was paid through a mistake or error on the part of the judge of probate. The probate judge granted the application. Thereupon the applicants made formal petition to the state auditor, requesting that he draw his warrant on the state treasurer in their favor for a refund of the license in question, erroneously paid, and setting out the facts on which the petition was based; said petition to the auditor having attached thereto the certificate of the probate judge as follows:

"I, D. W. 'Crosland, judge of probate of Montgomery county, state of Alabama, do hereby certify that the above petition is true and correct, and that the above-described license was paid to me as above stated, and I ask, accordingly, that you draw your warrant in favor of the above-named petitioner for the sum of $100, which was the amount of said license erroneously paid to me, less the probate judge's commissions."

The state auditor refused to comply with the petition, and thereupon the applicants instituted this proceeding by mandamus, seeking to compel issuance of the warrant by the auditor.

The respondent demurred to and answered the petition for mandamus; the substance of his defense being that petitioners were in fact justly required to take out and pay for the license in question; that the facts set up in the certificate of the judge of probate are not sufficient to warrant the making of such certificate; and that such certificate is not binding upon respondent as an ascertainment of the fact that said license was paid through mistake or error.

The trial court rendered judgment in favor of the petitioners, and from that judgment the respondent has prosecuted this appeal.

Harwell G. Davis, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellant.

The certificate of the judge of probate is not binding upon the appellant as a valid judicial determination by said judge. Chamblee v. Cole, 30 So. 630, 128 Ala. 649; Pettus v. McClannahan, 52 Ala. 55; Joiner v. Winston, 68 Ala. 129; Robertson v. Bradford, 70 Ala. 387; Brooks v. Johns, 24 So. 345, 119 Ala. 412.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellees.

The probate judge having issued the certificate, it became the duty of the auditor to draw his warrant therein required; the certificate is conclusive as to the requirements of section 376, p. 445, Acts 1919. Lovelady v. Loveman, Joseph & Loeb, 68 So. 48, 191 Ala. 96; Turner v. Anniston Electric & Gas Co., 75 So. 465, 200 Ala. 89.

SAMFORD, J. Sections 375 and 376, Acts 1919, p. 445, are not materially different from, and are practically the same as Code 1907, § 2411, as amended by Act of the Legislature, Sp. Sess. 1909, pp. 165, 166, and section 2412, and considered in the case of Lovelady v. Loveman, Joseph & Loeb, 68 So. 48, 191 Ala. 96. The judge of probate, upon petition regularly filed, having issued his certificate in accordance with section 376 of the Act of 1919, p. 445, and this court being bound by the decision in the Lovelady Case, supra, we must hold that the trial court did not commit error in granting the writ as prayed. See Turner v. Anniston Elec. & Gas Co., 75 So. 465, 200 Ala. 89; Board of Rev. v. Sou. Bell T. & T. Co., 76 So. 858, 200 Ala. 532.

Let the judgment be affirmed.

Affirmed.

⬦⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes