(118 So. 257)

**BLAN, State Auditor, etc., v. HOLLYWOOD REALTY CO. (3 Div. 802.)**

Supreme Court of Alabama. June 18, 1927.

See, also, 22 Ala. App. 537, 118 So. 253.

Charlie C. McCall, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for petitioner.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

Brief did not reach the Reporter.

PER CURIAM.· Petition for certiorari by the state auditor to review the ruling of the Court of Appeals.

The probate judge of Montgomery county issued a certificate addressed to the state auditor for warrant to be issued the Hollywood Realty Company, a corporation, under the laws of Florida, in the sum of $500, license tax alleged to have been erroneously collected by the probate judge, such certificate being based upon the ground, as stated therein, that schedule 102 of section 361 of the Revenue Act (Gen. Acts 1919, p. 431) contravened both the state and federal Constitution, and was therefore illegal and void. The state auditor declining to issue the warrant, the Hollywood Realty Company instituted mandamus proceeding resulting in a judgment for petitioner, from which the auditor prosecuted an appeal to the Court of Appeals.

It was held in the Court of Appeals that the case was settled by the authority of Allgood, State Auditor, v. Parker, 21 Ala. App. 273, 107 So. 326, which latter authority was rested upon the case of Lovelady v. Loveman, Joseph & Loeb, 191 Ala. 96, 68 So. 48, and the judgment was affirmed upon the case of Allgood v. Parker, supra.

But these cases are distinguishable from the instant case. In the Lovelady Case, supra, the act under which the privilege taxes were paid had been declared unconstitutional and void by the federal Supreme Court, and it was held, the certificate having been issued for a definite sum, the court of county commissioners were not to reaudit the matter, and that the certificate when issued in a proper case was final. That authority has been cited approvingly in a number of cases. Turner v. Anniston Elec., etc., Co., 200 Ala. 89, 75 So. 465; Board of Revenue v. Southern Bell Tel. & Tel. Co., 200 Ala. 532, 76 So. 858. In this latter case, the court, speaking as to the extent of the holding in the Lovelady Case, said:

"We do not think that the court held or intended to hold * * * that a certificate by the probate judge as to every fact was conclusive on the board of revenue so as to require the issuance of a warrant upon a certificate which showed on its face that the tax was not governed or controlled by the statute in question. It was simply held that when a proper certificate was presented the board had no discretion in the matter, that is, a certificate involving a finding authorized by the statute; * * * only such certificates as are authorized by the statute are conclusive on the board of revenue, and not one certifying that a tax was governed

by the act when it showed upon its face that it was not."

This reasoning is applicable here. The certificate shows upon its face that it was issued pursuant to the opinion of the probate judge; that the law under which the license was paid was unconstitutional. The courts had not so declared as in the Lovelady Case, and we think it very clear the statute providing for the issuance of the certificate was never intended as so far reaching that the conclusion of the probate judge as to the unconstitutionality of an act should be conclusive and final, and not subject to review by the courts. So far as the question of finality of the certificate is concerned, a "proper case" is not presented.

It is our view that the Court of Appeals should have proceeded with a consideration of the merits of the cause, and, of course, be governed by the statutory provisions of sections 7322 or 7310 of the Code of 1923 as the case may be. The ruling of the Court of Appeals resting the affirmance of the case upon the authority therein cited was erroneous. The writ will be awarded, and the judgment reversed, and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

Writ awarded; reversed and remanded.

All the Justices concur.