163 So. 805

## HELMS v. ALABAMA PENSION COMMISSION.

### 3 Div. 769.

Court of Appeals of Alabama.

May 21, 1935.

Rehearing Denied June 11, 1935.

A. A. Carmichael, Atty. Gen., and C. L. Rowe, Asst. Atty. Gen., for appellee.

J. J. Winn, of Clayton, and S. H. Dent, of Montgomery, for appellant.

BRICKEN, Presiding Judge.

The petition in this case was filed against the Alabama pension commission and the individual ex officio members of said pension commission for a writ of mandamus requiring the restoration of petitioner to the pension rolls as a Confederate soldier, and for back pay. The petition avers that appellant, petitioner in the court below, had been placed upon the pension rolls and was drawing the pension allowed by law; that the grand jury of Barbour county, where petitioner resided, at the spring term, 1934, under the authority found in section 2967 of the Code 1923, recommended that petitioner's name be stricken from the pension rolls; that the pension commission did strike petitioner's name from the rolls, thereby denying him his pension. This investigation and recommendation of the grand jury was of necessity ex parte. Petitioner, under sec-

tion 2965 of the Code, then applied to the probate judge to correct this error.

The probate judge of Barbour county after investigation certified to the pension commission the fact that he had investigated petitioner's record, had taken the testimony of a Confederate soldier who knew petitioner before, during, and since the war, and had actually seen him in the service of the Confederate armies. This testimony was without dispute or conflict. He further certified that petitioner should be restored to the pension rolls and back pay allowed him from April 12, 1934, when he was erroneously stricken.

Section 2965 of the Code 1923, reads as follows: "Whenever it is made to appear to the probate judge that the name of a pensioner has through any error or omission or inadvertence been dropped from or left off the list of pensioners he shall certify such fact and the length of time omitted or dropped and the amount due such pensioner, to the state pension commission; and if it is satisfactorily shown that such pensioner is justly entitled to be restored, the pension commission shall order and the auditor shall issue his warrant for the amount shown to be due, said warrant to be delivered to the pensioner as other warrants are delivered."

The answer of respondents admits all the material allegations of the petition, and then sets up the claim that in passing upon the certificate of the probate judge the commission acted in a judicial, or quasi judicial, capacity, and, so acting, found that petitioner was not entitled to be restored to the rolls. This contention is based solely upon the construction of the language in section 2965, supra, "if it is satisfactorily shown," that petitioner is entitled to be restored.

The case was submitted upon the pleadings. Under the practice in mandamus proceedings it is not necessary to demur to or move to quash or strike the answer. The alternative writ is not only process, but part of the pleadings. The sufficiency of the answer thereto will be considered without further pleading. If sufficient, the writ will be denied. If insufficient, a peremptory writ will be granted. Longshore, Judge v. State ex rel., 137 Ala. 636, 34 So. 684.

The duties and powers of the commission are found in section 2933, Code 1923. That section simply says that it shall be the duty of the commission to have full control and supervision of all pensions allowed to Confederate soldiers and sailors. The authority given is to do and perform any and all acts necessary to the execution of this article and to promulgate rules and regulations not *provided for specifically herein.* (Italics ours.)

Section 2937, Code 1923, declares who is entitled to a pension. Section 2947, Code 1923, requires the testimony of only one soldier that the applicant was a Confederate soldier, but even this is dispensed with if the records at Washington or Montgomery show his service. Section 2952, Code 1923, provides that all applications rejected shall be entered upon a permanent record with the reasons for such rejection. In short, we find nothing in the statutes authorizing the commission to reject the certificate of the probate judge under section 2965 of the Code 1923.

What other evidence, if any, the commission had is not disclosed; the petitioner had no opportunity to be present to contradict any such other evidence, and no statute is cited giving the commission authority to go over or beyond the finding and certificate of the probate judge. The language of the statute, "if it is satisfactorily shown," can only mean if the certificate of the probate judge satisfactorily shows that an error has been committed and that petitioner is entitled to restoration to the pension rolls. We think this construction of the statute is fully sustained by the decisions of the Supreme Court of Alabama in a long line of cases holding that under a statute authorizing the repayment of illegal taxes the certificate of the probate judge, when in proper form, is final and binding upon the board of revenue and the state auditor. Board of Revenue v. Southern Bell Telephone & Telegraph Company, 200 Ala. 532, 76 So. 858.

Under these authorities and a proper construction of the statute in question, we think the findings and certificate of the probate judge, under section 2965, Code 1923, is conclusive and binding upon the commission. It follows that the action of the pension commission in response to the certificate of the probate judge under said section is not a judicial, but is a purely ministerial, act.

The ruling of the court below is not in harmony with the foregoing; therefore, the judgment there rendered is reversed; the writ prayed for is awarded, and the

respondents, or respondent commission, are hereby ordered to place the name of the petitioner upon the pension rolls of Barbour county, Ala., as of April 15, 1934, the date the same was removed from said rolls. Judgment reversed.

Writ awarded.