163 So. 807

### HELMS v. ALABAMA PENSION COMMISSION et al.

3 Div. 139.

Supreme Court of Alabama.

June 27, 1935.

Rehearing Denied Oct. 10, 1935.

Further Rehearing Denied Nov. 7, 1935.

184

A. A. Carmichael, Atty. Gen., and C. L. Rowe, Asst. Atty. Gen., for petitioner.

J. J. Winn, of Clayton, and S. H. Dent, of Montgomery, for respondents.

FOSTER, Justice.

Section 2933, Code, vests in the pension commission full control and supervision of all pensions allowed to Confederate soldiers.

Section 2960, Code, makes it the duty of the probate judges to revise the pension rolls in their counties, and if it shall appear to him that any pensioner is in any way illegally drawing a pension, he must send to the pension commission his name with the recommendation that he be dropped from the roll. The commission then notifies the probate judge if it appears that any erasures should be made. Likewise, the grand jury may make a similar recommendation to the pension commission with a like result. Section 2967, Code.

Section 2965 provides that when it is made to appear to the probate judge that any pensioner has been dropped through any error, omission, or inadvertence, he shall so certify to the pension commission;

whereupon, "if it is satisfactorily shown that such pensioner is justly entitled to be restored," the pension commission shall so order, and the auditor shall issue a warrant accordingly.

The Court of Appeals in reversing the trial court held that the certificate of the probate judge is conclusive and binding upon the commission. We agree that upon that question hinges the correct solution of this inquiry.

As pointed out by the Court of Appeals, the language pertinent, which we have quoted from section 2965, bears similarity to that of section 3143 in respect to a refund of taxes upon a certificate of the probate judge. Prior to the act of 1919, thus carried into the Code, that question was controlled by section 2412, Code of 1907. That section did not provide that the county commission must be satisfied with the proof of the claim, as does section 3143, Code, which has superseded section 2412, Code of 1907. That section was construed so as to make the certificate conclusive as to the facts so found. Lovelady v. Loveman, Joseph & Loeb, 191 Ala. 96, 68 So. 48; Board of Revenue of Montgomery v. So. Bell Tel. & Tel. Co., 200 Ala. 532, 76 So. 858. And since the act of 1919, which provides that the county commissioners must be satisfied with the proof, this court seemed to recognize the continuing authority of those cases, except in respect to the legal rights of the parties, assuming the facts to be as certified. Blan v. Hollywood Realty Co., 218 Ala. 1, 118 So. 257. But in that case no note was taken as to such change of the law, and there was no question about the facts as certified being true. The meaning of section 3143, Code, as to the satisfactory nature of the proof, does not seem to have been considered since that change was made. And whatever may be held as to its meaning, as now constructed, we do not think that section 2965, Code, was intended to conclude the pension commission by the finding of the probate judge.

We think the whole structure of article 1, chapter 55 (section 2933 et seq.), shows a contrary purpose. Information is to be had from many sources other than the recommendation of the probate judge. Section 2940, Code. The pension commission has the final say so far as administrative judgment is to be had.

The answer of the commission shows that it considered many matters pertaining to petitioner's claim other than the

certificate of the probate judge. If it was bound by that certificate and had no discretion, then a writ of mandamus should issue as prayed. Longshore v. State, 137 Ala. 636, 34 So. 684. But we think that the commission was not so bound and had the right to make an independent investigation and have a further hearing of any pertinent evidence. Their conclusion in this matter was the result of their judgment and discretion by legal authority. Such is not revisable by mandamus. Ex parte Dickens, 162 Ala. 272, 50 So. 218; Cloe v. State ex rel. Hale, 209 Ala. 544, 96 So. 704; Ex parte Jackson, 212 Ala. 496, 103 So. 558, or other judicial review, at least unless the decision is wholly unsupported by the evidence, or is wholly dependent upon a question of law, or is seen to be clearly arbitrary, or capricious. Silberschein v. U. S., 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256. No such claim is made in the petition here presented, save the questions of law which we have treated.

It is not necessary to support such a law that the claimant be given notice and a hearing by the commission, since technically a pension is a bounty, or gratuity, usually for some public service, and the Legislature may pursue its own course in fixing the machinery for determining those to whom it is granted, and due process does not exist. 48 Corpus Juris 786, § 3, p. 791, § 27; Corkum v. Clark, 263 Mass. 378, 161 N. E. 912. It is the privilege of the Legislature to withdraw its allowance at any time; certainly before it is due. Pennie v. Reis, 132 U. S. 464, 10 S. Ct. 149, 33 L. Ed. 426; Dale v. Governor, 3 Stew. 387; People ex rel. v. Retirement Board, 326 Ill. 579, 158 N. E. 220, 54 A. L. R. 943 notes.

When the state creates a claim of such a nature, it is under no obligation to provide a remedy by judicial review of the findings of its administrative board set up to pass on questions of fact. United States v. Babcock, 250 U. S. 328, 39 S. Ct. 464, 63 L. Ed. 1011; Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256.

We think that section 2965, Code, considered with the other features of that article of the Code, makes the investigation and certificate of the probate judge matter of evidence to be considered by the pension commission, along with any other facts which its records or investigation and proofs submitted show, whether had on the original application and by virtue of section 2940, or otherwise. And while no requirement is made that the claimant shall be heard by the commission, we doubt not that it will accord him a full hearing, if this was not done in fact, upon his application. But such hearing is not necessary to the power of the commission regarding such a claim.

So that, we repeat, the sole question here is whether section 2965 imposes on the pension commission the absolute duty to accept as final the facts found and certified to it by the probate judge. Since we think that is not the meaning of the statute, no clear legal right is shown by petitioner for which he is entitled to a writ of mandamus. The circuit court so held, and we think without error.

The writ of certiorari to the Court of Appeals is granted. The judgment of the Court of Appeals is reversed, and one here rendered affirming the judgment of the circuit court.

Writ granted; reversed and rendered.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and BROWN, JJ., concur.

KNIGHT, J., not sitting.