170 So. 649

### HELMS v. ALABAMA PENSION COMMISSION.

### 3 Div. 785.

Court of Appeals of Alabama.

June 30, 1936.

Rehearing Denied Oct. 6, 1936.

268

A. A. Carmichael, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for appellee.

RICE, Judge.

Appellant was, prior to the year 1934, regularly entered upon the pension roll of the state as a Confederate pensioner. His right to such pension was questioned by the grand jury of Barbour county, which body incorporated in its report a recommendation or suggestion that his name be stricken from the pension rolls. The pension commission, as then constituted, pursuant to said grand jury report, made an investigation and, in regular session assembled, made and entered an order striking the name of appellant from the pension rolls. Code 1928, § 2967.

Subsequently, appellant made application to the present pension commission for restoration of his name to the pension roll, which application was denied. Thereupon appellant applied to the circuit court of Montgomery county for writ of mandamus to compel the restoration of his name to the pension roll. This litigation was terminated in our Supreme Court's decision in Helms v. Alabama Pension Commission et al., 231 Ala. 183, 163 So. 807.

Thereafter appellant again applied to the pension commission for restoration of his name to the pension roll, and at a meeting or session of the commission held on February 26, 1936, a majority of the commission, after hearing and considering all of the evidence produced, including the file and its contents, made and entered an order restoring him to the pension roll. This order was entered on the record of the pension commission.

Inasmuch as the order of restoration was made during the pension period, January–March, 1936, the commission's order directed that the pension payment which accrued January 1, 1936, be paid to the appellant.

J. J. Winn, of Clayton, and S. H. Dent, of Montgomery, for appellant.

Thereupon the appellant initiated this proceeding by petition for mandamus to the judges of the circuit court of Montgomery county, praying that the pension commission be required to order that "back pay" (meaning the pension payments which would have accrued had his name been on the pension rolls) for the period May, 1934, to December, 1935, be paid to him. One of the circuit judges directed the issuance of the rule, but upon hearing declined to make the rule absolute. Hence this appeal.

For answer to the writ, the pension commission set up, as one alternative, that, although appellant's name was restored. to the pension roll by its order of February 26th, he was not entitled to the so-called "back pay" for the reason that section 2971 of the Code expressly denies such back pay to one whose name was "purposely stricken" from the pension rolls.

The sole question on this record is, Was the order of February 26, 1936, capricious or erroneous for the reason that it did not provide that the appellant should have "back pay" for the period May 7, 1934, to December 31, 1935?

Section 2965 of the Code provides for so-called "back pay" for pensioners who are dropped from or left off the pension roll through "error or omission or inadvertence."

Section 2971 provides:

"*Back pay, to whom granted.*—No applicant who has been purposely stricken from the pension roll shall be entitled to any back pay for the time his or her name was stricken from the roll, and no back pay shall in any case, be granted except to those making application, as set forth in this article."

The word "purposely" as used in section 2971 must be given its ordinarily accepted meaning, in applying the statute. Webster defines it to mean: "With a deliberate or an express purpose; on purpose; intentionally; designedly; expressly." See, also, Words & Phrases First, Second, Third, and Fourth Series.

As reflected in this record, the facts undeniably show that the pension commission acted "designedly" or "on purpose" in striking appellant's name from the roll in May, 1934. It was not so stricken through "omission or inadvertence," nor through "error," as we understand that word to be used in Code, § 2965, the legal equivalent of "omission" or "inadvertence."

By giving section 2971 of the Code the construction which the language therein compels, the pension commission has no jurisdiction or authority to grant "back pay" in any case where the name of the petitioner theretofore had been "purposely stricken." The rule of statutory construction which is applicable is that the language employed by the Legislature must. be given its ordinarily accepted meaning; that when the statute is clear, there is no room for interpretation by the courts. Endlich on Interpretation of Statutes, § 4.

Appellant's distinguished counsel, in their brief filed here, ask, with considerable rhetorical effect: "How else could petitioner apply for restoration (of his name to the pension roll) except under section 2965 (of the Code)?" Well, fortunately, we do not have to answer that question. The fact is, his name was restored to the pension roll; whether rightfully or wrongfully, properly or improperly, not being a question before us in this proceeding. As we see it, the only question before us is the one we have hereinabove stated, i. e., whether or not appellant is entitled to the "back pay," mentioned, it plainly appearing that his name had theretofore been intentionally stricken from the roll.

We are in agreement with the order entered by the learned trial judge denying the writ prayed for. And the same is hereby affirmed. See Helms v. Alabama Pension Commission et al., supra.

Affirmed.