170 So. 651

**HELMS v. ALABAMA PENSION COMMISSION et al.**

3 Div. 187.

Supreme Court of Alabama.

Oct. 29, 1936.

Rehearing Denied Nov. 19, 1936.

J. J. Winn, of Clayton, and S. H. Dent, of Montgomery, for the motion.

A. A. Carmichael, Atty. Gen., and C. L. Rowe, Asst. Atty. Gen., opposed.

KNIGHT, Justice.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

## On Rehearing.

KNIGHT, Justice.

We have given careful consideration to petitioner's application for rehearing in this case. In presenting the application, petitioner's counsel have submitted a brief which discloses much thought to, and consideration of the questions involved.

However, we are still of the opinion that the Court of Appeals reached a correct conclusion in affirming the judgment of the circuit court of Montgomery county, denying the application for mandamus.

If it be conceded, as contended by counsel for petitioner, that when the judgment or discretion of an executive board has been completely exercised in the performance of a specific duty, the act is beyond review or recall by such board, nevertheless this rule of law, as invoked by petitioner, would, under the facts of this case, as found by the Court of Appeals, constitute an insuperable barrier to petitioner's right of recovery, as we shall attempt to show.

The facts as found by the Court of Appeals are, so far as here necessary to be stated, as follows:

"Appellant was, prior to the year 1934, regularly entered upon the pension roll of the state as a Confederate pensioner. His right to such pension was questioned by the grand jury of Barbour County, which body incorporated in its report a recommendation or suggestion that his name be stricken from the pension rolls. The pension commission, as then constituted, pursuant to said grand jury report, made an investigation and, in regular session assembled, made

and entered an order striking the name of appellant from the pension rolls. * * *

"Subsequently, appellant made application to the present pension commission for restoration of his name to the pension roll, which application was denied. Thereupon appellant applied to the circuit court of Montgomery county for writ of mandamus to compel the restoration of his name to the pension roll. This litigation was terminated in our Supreme Court's decision in Helms v. Alabama Pension Commission et al., 231 Ala. 183, 163 So. 807.

"Thereafter appellant again applied to the pension commission for restoration of his name to the pension roll, and at a meeting or session of the commission held on February 26, 1936, a majority of the commission, after hearing and considering all of the evidence produced, including the file and its contents, made and entered an order restoring him to the pension roll. This order was entered on the record of the pension commission."

At a subsequent meeting this last-mentioned order was revoked, and the petitioner was disallowed the status of a pensioner.

Section 2936 of the Code makes the probate judges of the several counties of the state the pension commissioners of their respective counties.

Section 2937 of the Code defines who are entitled to pensions as soldiers and sailors in the Army and Navy of the Confederate States of America.

Sections 2943 and 2946 provide that all applications for pensions shall be filled with the probate judge of the county wherein the pensioner resides. And the probate judge is required to immediately forward the application, together with all papers pertaining thereto, to the Alabama Pension Commission.

Section 2960 of the Code provides for the revising of the rolls, and dropping of names improperly upon the rolls. The duty of revising the pension rolls devolves upon the probate judge, and his findings shall be sent to the Pension Commission for its decision.

It appears that after Judge Wallace, probate judge of Barbour county, had investigated the record of the petitioner, and had certified to the Alabama Pension Commission that petitioner was a Confederate soldier and entitled to have his name restored to the pension rolls, the Pension Commission, after due consideration, entered an order refusing to enter the petitioner upon the pension rolls.

It appears that the petitioner in January, 1936, again applied to the Alabama Pension Commission for an order restoring him to the pension rolls. It does not appear that he filed this last application with the probate judge, but applied direct to the Pension Commission for reinstatement. Until another application had been filed with the probate judge for correction of any supposed error committed by the Pension Commission in denying relief to the petitioner, the Pension Commission, if the rule contended for by petitioner is sound, was powerless to review or to set aside its former order denying the pensioner the status of a Confederate pensioner. Having denied the application, it could not revoke its order at a subsequent session, if the rule asserted by petitioner is sound. A sound rule works both ways. If it is not sound, the Pension Commission was acting within its powers in striking petitioner's name from the roll. For this reason also mandamus applied for was properly refused.

Application for rehearing is therefore denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.