81 So.2d 365

**H. T. PILLANS, Director of Personnel, Mobile County,**

v.

**Donald R. JOHNSON.**

I Div. 632.

Supreme Court of Alabama.

June 16, 1955.

690

Albert J. Tully, Mobile, for appellant.

M. A. Marsal, Mobile, for appellee.

MERRILL, Justice.

This is an appeal from an order by the Circuit Court of Mobile County issuing a

peremptory writ of mandamus to compel the appellant, as Director of the Personnel Board of Mobile County, to "* * * forthwith enter the name of Donald R. Johnson on the appropriate employment register in the proper position of deputy sheriff of Mobile County, Alabama, and police patrolman of the City of Prichard, Alabama."

On August 11, 1954, appellee filed his original petition for an alternative writ of mandamus. Demurrer to this petition was sustained and an amended petition was filed on August 27th. Demurrer to the amended petition was overruled. Appellant on September 30th filed his return and answer. No further pleadings were filed before trial was begun. Hearing upon these proceedings was begun on November 1st at which time the respondent-appellant filed a motion to deny the writ on the grounds that his answer filed on September 30th showed that the petitioner was without right to the writ and that said answer had not been denied or controverted, nor had issue been joined on the answer. Thereupon the appellant took issue on the answer, the motion to deny the writ was overruled, evidence was taken and the court ordered the issuance of the writ.

The amended petition avers, in substance, the following: That the petitioner is desirous of having his name placed on the employment register of Mobile County for the position of deputy sheriff of Mobile County and police patrolman for the City of Prichard; that he requested and received a written examination given to him by the Director of Personnel of Mobile County for the purpose of ascertaining his qualifications for the above positions of employment; that he successfully completed all of the examinations for the position of deputy sheriff and police patrolman; that subsequent to this examination he was notified that his rating was below seventy per cent required by the rules of the Personnel Board and that therefore his name could not be placed on the employment register; that he requested a review of his rating at which time the Director of Personnel (appellant) stated to him that

his rating was below seventy percent because of his prior conviction of three misdemeanors and that in the opinion of the Director he was not a fit and proper person to carry out the duties of the position for which he applied. The petitioner further avers that he is a fit and proper person qualified to fill the position of deputy sheriff or police patrolman; that he has successfully passed both the written and oral examinations in accordance with the terms of the Civil Service Act and the rules that have been promulgated by the Director of Personnel; that the Director has failed and refuses to place the name of petitioner on the appropriate employment register; that vacancies exist for the positions for which he applies; that the appointing authorities for these positions have requested the Director to certify to them names of persons eligible for these positions; that unless the petitioner's name is placed on the employment register he will not be in a position to have his name certified to the proper appointing authorities and could thus not secure permanent employment in either of the positions which he seeks.

Just prior to the taking of testimony and during a discussion as to whether the petitioner had in fact controverted the answer, the record shows the following:

"Court: He has filed a petition and the respondent has filed a plea. He has joined issue on the plea by a general denial. That puts the burden on respondent to prove his answer. The burden is on him, the petitioner, to prove the allegations of his petition. That is the way the issue is framed.

"Mr. Tully: We except to Your Honor's ruling on that also."

This exception appears to be well taken. In Wilson v. Brown, 241 Ala. 178, 1 So.2d 914, 916, this court said:

"The respondents refiled their answer and return to the rule nisi, and the petitioner joined issue of fact thereon, as he had the right under the statute to do. Code of 1923, § 8979; Garrett, Sheriff v. Cobb, 199 Ala. 80, 74 So. 226.

.·"The return or answer, under the common law, was not traversable, but the facts stated therein were taken as true, and if sufficient in law, conclusive. 18 R.C.L. p. 374, § 302.

"The statute, above cited, remedied this defect, and gave the relator the right to join issue in law or fact on the averments of the return and controvert the same by legal competent evidence, but puts the burden on the relator or petitioner. The statute provides 'the return or answer shall not be conclusive, but the truth or sufficiency thereof may be put in issue *and controverted.*' Code 1923, § 8979; State ex rel. Farmer v. Board of School Com'rs of Mobile County, 226 Ala. 62, 145 So. 575. (Italics supplied.)"

In Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560, 562, we said:

"The petitioner or relator has the right under the statute to join issue on the return. § 1073, Title 7, Code of 1940, provides: 'In any such proceeding, the return or answer shall not be conclusive, but the truth or sufficiency thereof may be put in issue and controverted.' This statute· changed the common-law rule which was that the return or answer was not traversable. Wilson v. Brown, 241 Ala. 178, 1 So.2d 914.

"But the mere joining of issue of fact on the return or answer does not destroy the evidential value of the return. Having joined issue, the burden of controverting by competent· legal evidence the facts stated in the return was upon petitioner or relator. Wilson v. Brown, supra * * *."

▆ It is apparent that the lower court tried the case on the theory that the burden of proof was on the appellant, in which we cannot concur.

Appellant urges that the court erred in finding the issues in favor of petitioner. The major issue which presented itself in the proceedings below was the interpretation of a portion of the Civil Service Act of Mobile County, Local Acts of Alabama, 1939, p. 298, § 12, as follows:

"The Director shall conduct Tests to establish Employment Registers for the various classes of positions in the Classified Service. The Director shall so conduct the tests as to take into consideration elements of character, reputation, education, aptitude, experience, knowledge, physical fitness, and other pertinent matters. The Tests may be written and/or oral, and/or any other demonstration of fitness as the Director may determine. Public notice of the time, place, and general scope of every Test shall be given. The Director shall determine the qualifications for admission to any Test. * * * The Director may, however, reject the application of any person for admission to a Test or may strike the name of any person from a list or refuse to certify the name of any person on a list for a position if he finds that such person lacks any of the required qualifications, or is physically unfit to perform effectively the duties of the position in which he seeks employment, or is addicted to the habitual excessive use of drugs or intoxicating liquor, or has been convicted of a felony or guilty of any crime involving moral turpitude, or has been dismissed ·from the public service for delinquency, or has made a false statement of a material fact or practiced or attempted to practice any fraud or deception in his application or Test or in attempting to secure appointment."

The petition filed by appellee alleged that he had successfully taken and completed all the examinations given by the Personnel Director for the position of deputy sheriff and police patrolman. The evidence adduced on the trial however established that a rating of 50 was given petitioner on the interview sheet of the examination. This rating is below the minimum required to entitle an applicant to have his name placed on the Employment Register. · The evidence established that the low rating given

to petitioner ·was due in part to his arrest history which includes the following: Disorderly conduct—Arrested hunting with a light $100.00 and costs. Reckless Driving $50.00 60 days Suspended. Speeding tickets and forfeiting a cash bond.

The position taken by the Court below in regard to this matter is shown by the following excerpts from the record.

"Court: All I am interested in is if he was convicted of a crime involving moral turpitude. If it was a misdemeanor and does not involve moral turpitude, it cannot be held against him.

\*    \*    \*    \*    \*    \*

"The Court: I think the Court should know that (Why the Personnel Board considered petitioner not to be a fit and proper person to fill the positions). If he bases it on these misdemeanor convictions, the law says it is illegal. If he bases it on an arrest where he is exonerated by the Court, you can't hold that against him. The Court should know this. And the misdemeanors, unless they involve moral turpitude, as I understand it—the law says you can't hold that against him on his examination.

"Mr. Tully: May it please the Court, I think the Court has drawn the exact line of issue here. If the Court takes the position that the Personnel Department may not take into consideration facts and circumstances leading to an arrest, whether or not it involves a conviction, we are in complete disagreement as to the law.

"Court: I do not hold that. I do hold that you cannot hold it against him because he has been convicted of any misdemeanor not involving moral turpitude because the Act somewhere in there says you can't."

From a careful reading of the Act in question, it is obvious that the opinion thus expressed by the trial court could only have been formed from that portion of the act previously quoted.—Local Acts of Alabama, 1939, p. 298, § 12.

We are unable to agree with the conclusion reached by the court below in construing § 12 to mean that the Personnel Director is forbidden to consider convictions of misdemeanors in determining an applicant's qualifications for the positions for which he seeks certification. On the contrary, it appears to us from the broad language used that the Personnel Director is vested with discretion to exercise his judgment and take into consideration "elements of character, reputation, education, aptitude, experience, knowledge, physical fitness, and other pertinent matters."

The arrest and conviction record of appellee was admitted by him on the witness stand. The number of his arrests and convictions, the circumstances surrounding them considered in the light of the position for which appellee applied, were pertinent matters for consideration in the determination of character, reputation, aptitude, and other related matters. Ratings of applicants on the basis of tests given pursuant to the Civil Service Act are, to some extent, by necessity and the broad language of the Act left to the discretion of the Personnel Director. There is no evidence here that there was any abuse of the discretion which vests in the Personnel Director. It appears both from the answer and from the evidence that the rating given appellee was the result of validly exercised judgment and discretion. Such judgment and discretion is not revisable by mandamus. Helms v. Alabama Pension Commission, 231 Ala. 183, 163 So. 807; Williams v. Board of Dental Examiners, 222 Ala. 411, 133 So. 11; Marcet v. Board of Plumbers Examination, etc., 249 Ala. 48, 29 So.2d 333; State ex rel. Carmichael v. Jones, 252 Ala. 479, 41 So.2d 280; Ex parte Morrow, 259 Ala. 250, 66 So.2d 130.

For this error the cause should be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.